WILLIAM F. ERVING, Respondent, *v.* THE MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW YORK, Appellant.

The mere fact that a party who has made proposals for a contract for public work in the city of New York, is the lowest bidder and knows that fact does not constitute an award to him of such contract within the meaning of the New York Consolidation Act (§§ 64, 65, chap. 410, Laws of 1882), nor does the mere arithmetical operation of ascertaining which bid is the lowest constitute an award. The award requires the exercise, on the part of the officer charged with that duty, of judgment and discretion, and must be manifested by some formal official act on his part.

When a statute requires notice to be given to a party, as the basis of a forfeiture of some right or interest, in the absence of some provision prescribing a different method, a notice in writing is requisite.

In an action to recover the amount of a certified check, deposited by plaintiff with the commissioner of public works, accompanying a bid, the complaint alleged that plaintiff in conformity with the notice published, presented his bid accompanied with a bond with sufficient sureties and said check; that upon being found to be the lowest bidder said commissioner transmitted said bid, bond and check, to the comptroller for approval; that the latter refused to approve the bond and improperly and unjustly notified the said commissioner that the sureties had failed to justify, which was untrue; that no notice of an award, or award was made to plaintiff, but that subsequently the commissioner re-advertised and let the contract to another; that a demand by plaintiff

for a return of his check had been refused. The answer failed to allege that any contract was ever awarded to plaintiff, but did allege that to his knowledge he was in fact the lowest bidder; it did not allege that plaintiff neglected or refused to execute the contract within five days after due notice that it had been awarded to him had been given as required. (§ 65, chap. 410, Laws of 1882.) There was no allegation that any notice was given to plaintiff, as to what if any determination was made upon his proposal. A motion by plaintiff for judgment upon the answer as frivolous was granted. *Held,* no error.

(Argued January 21, 1892; decided February 9, 1892.)

Appeal from judgment of the General Term of the Superior Court of the city of New York, entered upon an order made October 10, 1891, which affirmed a judgment in favor of plaintiff entered upon an order of Special Term overruling defendant's answer as frivolous, and directing judgment for plaintiff.

The nature of the action and the facts, so far as material, are stated in the opinion.

*D. J. Dean* for appellant. The question involved in this appeal has been determined by this court. (*Moore* v. *Loew,* 105 N. Y. 666.)

*Richard J. Morrison* for respondent. The order of the Superior Court striking out certain parts of the answer as sham was correct, and should be sustained on appeal. (Laws of 1882, chap. 410, § 64; *White* v. *Drake,* 3 Abb. [N. C.] 133; *People* v. *McCumber,* 18 N. Y. 320; Abb. on Pl. §§ 563, 573, 574; *Baird* v. *Mayor, etc.,* 83 N. Y. 258; *Mills* v. *Jefferson,* 20 Wis. 50; *Gildersleeve* v. *Landon,* 73 N. Y. 609; *Baylis* v. *Stinson,* 109 id. 623; *Walker* v. *Walker,* 82 id. 264; *Robin* v. *Long,* 60 How. Pr. 200; *E. R. G. L. Co.* v. *Donnelly,* 25 Hun, 614; 93 N. Y. 557; *People ex rel.* v. *Gleason,* 121 id. 631; *People ex rel* v. *Bd. of Contract,* 2 How. [U. S.] 423; *Groves* v. *City of Rochester,* 39 Hun, 9; *In re Presbytery of N. Y.,* 9 Daly, 116; *People ex rel.* v. *Green,* 11 Hun, 59; 50 How. Pr. 500;

Laws of 1872, chap. 580, § 6; Laws of 1873, chap. 335, § 91; *In re Wheelock*, 51 Hun, 640; *People ex rel.* v. *Campbell*, 72 N. Y. 612; 1 Dillon on Mun. Corp. §§ 466–470, 832, 1027; *Broome* v. *Nicholson*, 8 Abb. [N. S.] 343; *Morey* v. *S. D. Co.*, 7 id. 199; *Thompson* v. *Halbert*, 109 N. Y. 329; Code Civ. Pro. §§ 190, 538, 1337; *Bassett* v. *Wheeler*, 84 N. Y. 466; *In re Thompson*, 121 id. 277.) The motion to overrule the answer as frivolous and for judgment thereon was properly granted and should be sustained on appeal. (*P. M. Co.* v. *J. I., etc., Co.*, 5 Civ. Pro. Rep. 372; *Mixer* v. *Schreiner*, 39 N. Y. S. R. 279; *Seidman* v. *Geib*, 19 Civ. Pro. Rep. 359; *Collis* v. *Alburtis*, 9 id. 80; *Platt* v. *Hepworth*, 13 id. 122; *People* v. *D. & H. Society*, 7 Lans. 304; *People* v. *McCumber*, 18 N. Y. 315; *Reed* v. *Latson*, 15 Barb. 17; *Livingston* v. *Hammer*, 7 Bosw. 671; *Falls* v. *Hicks*, 12 How. Pr. 153; *Adams* v. *McPartlen*, 11 Abb. [N. C.] 369; *Bank of Lowville* v. *Edwards*, 11 How. Pr. 216; *Kay* v. *Whittaker*, 44 N. Y. 566: *Martin* v. *Kanonse*, 2 Abb. Pr. 328.)

O'BRIEN, J. In this case certain parts of the defendant's answer were stricken out as sham and the rest of it overruled as frivolous and judgment ordered for the plaintiff for the sum demanded in the complaint. The defendant appealed from the order which thus disposed of its answer and also from the judgment. The plaintiff claimed that the defendant was indebted to him in the sum of $1,000, and the interest thereon, that being the amount deposited by him in the form of a certified check, with the proper officer, under the laws and ordinances governing the letting of contracts in the city of New York for public work, and the defendant claims that the same has been under the law forfeited to the city and that it is entitled to retain it. The complaint alleges that notice was published inviting bids or proposals for regulating a street to be made to the department of public works, and requiring that the bids or proposals for doing the work be accompanied by a bond of $20,000, with two sufficient sureties, conditioned for

the faithful performance of the work embraced in the bid, and also a certified check upon a state or national bank, doing business in said city, for five per cent of the amount of the bond which, in this case, called for a check of one thousand dollars. On the 14th of July, 1886, the plaintiff, in conformity with the notice, presented to the department his bid with the bond and the check which was made payable to the comptroller. The complaint then avers that other proposals · were in like manner presented by others for the same work, with bonds and certified checks as required by law, but the plaintiff was found to be the lowest bidder. That, thereupon, the commissioner transmitted his bid with the bond and check to the comptroller for his approval, if the bond was found sufficient; but the comptroller, although the bond was good and the sureties sufficient, arbitrarily, unjustly and illegally refused to approve and notify the commissioner thereof, but did improperly and unjustly notify him that the sureties had failed to qualify, which was in fact untrue. That the commissioner did not make an award of said contract to the plaintiff and did not notify him of any such award, but subsequently readvertised and awarded the contract to another. That the comptroller retained the check till about August 23, 1890, when upon demand being made by the plaintiff for its return to him, it was paid into the sinking fund of the city. The complaint contains numerous other statements not of fact, but of the law relating to the transaction and the legal effect of certain acts and proceedings of the parties. These allegations were wholly unnecessary and the denial of them by the defendant presented no issue or defense. The vital allegation of the complaint is that no contract was awarded to the plaintiff. If the contract had been awarded to the plaintiff and he had executed it and furnished the security, then all agree that the check should have been returned to him. So also if the contract was not awarded to him but to some one else, he was entitled to have the check restored to him. The circumstances under which the check or its proceeds becomes forfeited to the city are thus stated in the Consolidation Act (§§ 64, 65): "If the

lowest bidder shall neglect or refuse to accept the contract within five days after written notice that the same has been awarded to his bid or proposal, or if he accepts but does not execute the contract and give the proper security, it shall be readvertised and relet.   *   *   *   Within three days after the decision as to who is the lowest bidder, the comptroller shall return all the deposits made to the persons making the same, except the deposit made by the lowest bidder for any contract, and if the said lowest bidder shall refuse or neglect within five days after due notice that the contract has been awarded, to execute the same, the amount of deposit made by him shall be forfeited to and retained by the said city as liquidated damages for such neglect or refusal and shall be paid into the sinking fund of the said city, but if the said lowest bidder shall execute the contract within the time aforesaid, the amount of his deposit shall be returned to him."

The object of the bond to be furnished by the bidder is to secure the faithful performance of the contract.   The purpose of the check is to indemnify the city against the expense of reletting the contract and against the damages it might sustain by being compelled, through the default of a bidder to execute his contract, to relet the work at an increased price.   The defendant's answer contains some denials of legal conclusions stated in the complaint, but it was intended to raise and does raise but a single question, and that is that the plaintiff was in fact the lowest bidder and that he was apprised of that fact, or that it came to his knowledge in some way, and from the fact that the plaintiff was the lowest bidder and that he, as well as the commissioner of public works knew it, the counsel for the defendant asks the court to draw the legal conclusion that the contract was necessarily awarded, in law, to the plaintiff.   He contends that no formal act on the part of the commissioner was necessary to constitute an award of the contract, but that when it was ascertained that the plaintiff was the lowest bidder and had knowledge of that fact, the contract was awarded to him, within the meaning of the law.   This is the only point presented by the learned counsel for the defendant in support

of this appeal, and unless he is right in this respect there is no merit in his case and the answer was properly treated. by the court as sham and frivolous.

The person who was at the time that the plaintiff's bid was made, and ever since the chief clerk of the department of public works, having charge of the records thereof, swears in his affidavit used upon the motion to strike out the answer, that he knows, from an inspection of the records, that no contract for the performance of the work was ever awarded to the plaintiff. The mere fact that a party who has made proposals for public work in the city of New York is the lowest bidder and knows that fact, does not necessarily entitle him to the contract and does not constitute an award to him of such contract within the meaning of the law regulating the letting of work upon competitive bids. The officer charged with the duty of awarding the contract may, and in some cases would very properly, determine that the interests of the city would be best subserved by rejecting proposals to enter into a contract with a party who, though he might be the lowest bidder, yet did not possess such advantages and facilities for the performance of the contract as to render his proposal, on the whole, for the interests of the city. The commissioner may reject all the bids and readvertise the work, if in his judgment and discretion such course is for the best interest of the municipality. The awarding of the contract on the part of the officer to one of several bidders requires the exercise on his part of judgment and discretion and the award itself should be manifested by some formal official act on his part, and ordinarily reduced to writing and made a part of the records in his department. In no other way can the rights of the parties be preserved, at least prior to the actual execution of the contract. The mere arithmetical operation of ascertaining which bid is the lowest does not constitute an award. The duty of the commissioner to examine the proposals and award the contract is judicial in its nature and character (*East River Gas Light Company* v. *Donnelly*, 93 N. Y. 55; *People ex rel.* v. *Gleason,* 121 id. 631), and the award is the result of a judicial act.

The statute contemplates and requires three things on the part of the city, or the proper officer, after the proposals, bond and check have been presented: (1) That the contract shall be readvertised and relet whenever the lowest bidder shall neglect or refuse to accept the contract, within five days after written notice that the same has been awarded to his bid or proposal, or when he accepts, but does not execute the contract and give the proper security. (2) That the comptroller shall return all the checks to the persons depositing the same, except that of the lowest bidder, within three days after the decision as to who is such lowest bidder. (3) If the lowest bidder shall, within five days after due notice that the contract has been awarded to him, neglect or refuse to execute the same, the check deposited or its proceeds shall be forfeited to the city as liquidated damages and paid into the sinking fund, but if he executes the contract within that time, the deposit shall be returned to him. When the city seeks to retain the proceeds of such deposits as forfeited to it under the statute, it ought to be prepared to show all the facts necessary to sustain its claim. An answer to a suit by the owner of the check confined to denials of legal conclusions and which evades the real issue, is not entitled to very favorable consideration. The answer in this case does not allege that any contract was ever awarded to the plaintiff. It only alleges that he was in fact the lowest bidder, and that he knew he was. Much less does it allege that the plaintiff neglected or refused to execute the contract within five days after due notice that it had been awarded to him, and that was the essential fact upon which the right of the city to retain the deposit depended. The answer does not allege that any notice whatever was given to the plaintiff by any officer of the city as to what, if any, determination was made upon his proposals. It alleges that he was apprised of the fact that he was the lowest bidder, but that is an evasive term which does not necessarily imply any official information or communication by the officer whose duty it was to give the notice to the plaintiff. Section 65 speaks of *due notice* to the bidder that the contract has been awarded to him as a prere-

quisite to the forfeiture of the deposit. These words refer to the same kind of notice mentioned in the preceding section when the contract is to be relet, that is, written notice. Indeed, it may be stated as a general rule that when a statute requires notice to be given to a party as the basis of a forfeiture of some right or interest, it means a notice in writing, in the absence of some provision in the statute prescribing a method of giving the notice in some other way.

The answer in this case was served only after seven different extensions of the time to answer had been given by the plaintiff to the defendant, and after judgment by default had been entered and opened on application to the court. When interposed, it was held by the Special Term to be bad in form and substance. We think this conclusion was right, and that the judgment and order appealed from should be affirmed, with costs.

All concur, except GRAY, J., taking no part.

Judgment affirmed.