JOHN J. PICONE, Individually, and CHESTER W. PFARNER and Others, etc., Plaintiffs, *v.* THE CITY OF NEW YORK, JOHN CASHMORE, as President of the Borough of Brooklyn, and Others, Defendants.

Supreme Court, Special Term, New York County, August 13, 1941.

968

*J. Jack Brown* [*Howard Hilton Spellman* of counsel], for the plaintiffs.

*Louis Braun,* for the defendant Emson Construction Corp.

*William C. Chanler, Corporation Counsel* [*Nelson Rosenbaum* of counsel], for the defendant City of New York.

BERNSTEIN, J. This is a motion for an order enjoining the city of New York from disqualifying the plaintiffs, copartners doing business as J. C. J. Construction Co., as bidders for work on municipal contracts, from awarding to others contracts upon which they are the low bidders, and from proceeding to carry out a particular contract for the construction of the Avenue R sewer, heretofore awarded to Emson Construction Corp., the successful bidder therefor. The last is the real relief sought upon this application.

The facts disclose that, after due advertisement, bids were received from several contractors for the construction of the Avenue R sewer; that J. C. J. Construction Co. was the low bidder and Emson Construction Corp. was the next low bidder; and that, upon investigation and consideration thereafter had, the contract

was awarded by the acting president of the borough of Brooklyn to said Emson Construction Corp. as the lowest responsible bidder. Pursuant to a resolution of the board of estimate, adopted February 17, 1938, a board of responsibility, consisting of the commissioner of borough works, the acting comptroller and an assistant corporation counsel was appointed to sit in review of the determination. That board took testimony, examined three of the partners of the plaintiff firm, and confirmed the determination of the acting borough president that that firm was not a responsible bidder. Both the determination of the acting borough president and the finding of the board of responsibility were based upon the ground that the firm constituted a " front " for one Vito Picone and his corporations, whose activities in connection with public construction contracts over a period of years had brought them into frequent conflict with the criminal law and its enforcement agencies.

Under the provisions of section 343 of the New York City Charter the award of contracts on public letting must be made to the " lowest responsible bidder." That term does not mean one who is only pecuniarily responsible but one who also possesses moral worth. (*Matter of Sikorski* v. *Board of Education of City of N. Y.*, N. Y. L. J. July 10, 1937, p. 100; affd., 253 App. Div. 824.) It implies skill, judgment and integrity as well as sufficient financial resources. In that view, the fact that J. C. J. Construction Co. submitted the lowest bid did not, as a matter of law, establish it as the lowest responsible bidder. It left the awarding agency with the duty of determining whether it possessed integrity and moral worth or was in fact a front for a discredited and disqualified contractor. That duty is judicial in its nature (*Erving* v. *Mayor, etc., of New York*, 131 N. Y. 133), and authorizes the awarding agency to investigate and consider the background of the bidder before making its award. (*Enocip Building Corporation* v. *City of New York*, N. Y. L. J. Sept. 14, 1940, p. 625, SCHMUCK, J., which involved one of Vito Picone's companies.) It is undisputed that the acting borough president rejected the plaintiff's bid as a result of such investigation and consideration.

A point is made by the plaintiffs that the award in the case was made without a finding by a three-fourths vote of the board of estimate that it is for the public interest that a bid other than that of the lowest responsible bidder shall be accepted. (N. Y. City Charter, § 343, subd. b.) That provision, however, is inapplicable to the situation, for the award here was not made to the higher of two responsible bidders, but to the " lowest responsible bidder," as determined by the agency letting the contract. Nor is there any force to the plaintiffs' point that the board acted upon

the report of a board of responsibility, composed of three individuals who were not members of the board of estimate. As a matter of fact, two of them, the acting comptroller and the acting borough president, were members of the board, and the third was its legal adviser, and they were duly appointed to investigate such a situation by resolutions duly adopted by the board of estimate in the exercise of its charter powers.

In the absence of a showing to the contrary, it must be assumed that the discretion which the acting borough president exercised was exercised with an honest desire to award the contract to the lowest responsible bidder, and is, therefore, not subject to review by the courts. (*Campbell* v. *City of New York*, 244 N. Y. 317, 328; *Matter of Tuller Construction Co.* v. *Lyon*, 257 id. 206, 208; *Syracuse Intercepting Sewer Board* v. *Fidelity & Deposit Co.*, 255 id. 288, 294; *Kelly* v. *Merry*, 262 id. 151, 160.) The courts have no right to sit in judgment upon questions of administrative discretion, or interfere with the conduct of municipal officials in the absence of illegality, fraud, collusion, corruption or bad faith The showing here is bare of any facts warranting judicial interference.

Motion denied.