Louis J. Capozzoli, J.
The petition of .the petitioner herein, No; 4 on the calendar of April 1,1958, in which he seeks an order compelling the respondent, Commissioner of Health of the City of New .York,- to include in the budget of the department of health funds for mosquito control, is denied.
The cross motion of the respondent, No. 52 on the same calendar, which seeks a dismissal of the petition, pursuant to rules 106 and 112 of the Rules of Civil Practice, is granted.
The budget of the City of New York is not dictated by the commissioner of health, not even as to her own department. The budget is adopted in accordance with the provisions of the New York City Charter. All that a department head may do is to submit an estimate of expenses for the ensuing budget year to the bureau of the budget (New York City Charter, § 114 [1938]). Thereafter the over.-all budget prepared by the bureau is submitted to the Board of Estimate and to the City Council (Charter, § 121). From that point on the‘procedure to be followed is outlined in sections 122 through 126 of the charter.
The respondent could not insist on any particular amount for any particular work. She can only use such moneys as are finally appropriated for her department by the budget as finally adopted.
In the case of Williams v. City of New York (118 App. Div. 756, 761, affd. 192 N. Y. 541) there is the following: “ If each department, if each board, if each officer, were at liberty to proceed according to his view of the necessities of his own peculiar work, the city would very speedily exceed its debt incurring capacity.”
In addition to the above, it is well established that this court má'y not interfere with the exercise of the discretionary powers possessed by municipal officials in the discharge of their duties. •”Tlie courts do not sit in judgment upon questions of legislative policy or administrative discretion. The taxpayer must point to illegality or fraud ”. (Campbell v. City of New York, 244 N. Y. 317, 328, 50 A. L. R. 1480.)
Again, in Picone v. City of New York (176 Misc. 967, 970) the court said: “ The'courts have no right to" sit in judgment upon questions of administrative discretion, or interfere with the conduct of municipal officials in the absence of illegality, fraud, collusion, corruption or bad faith. ’ ’