Donald S. Taylor, J.
The petitioner was the low bidder for two contracts relating to the building demolition features of a highway construction project about to be undertaken by the Department of Public Works of the State of New York. Its bids were rejected by the respondent and the work let to the *847 second low bidder with the written approval of the Comptroller on the ground that the public interest would thus be best served. (Highway Law, § 38, subd. 3.)
In this article 78 proceeding of the Civil Practice Act petitioner seeks to review the determination of the respondent, an order directing the awards of the contracts to it or, in the alternative, that the matter be remanded for further preliminary hearing before any final awards are made.
The petitioner having failed to comply with section 1292 of the Civil Practice Act moves for leave to serve a reply. To the extent only that the proposed pleading disputes the new matter alleged in the answer, the motion is granted.
After the bids were received the Superintendent of Public Works, in his customary manner, caused an investigation to be made by his subordinates as to the responsibility of the petitioner and its ability to assume the work required by the contracts in the course of which officials of the Department of Public Works of the City of New York were contacted concerning demolition work performed under its supervision. Its commissioner advised the director of the bureau of contracts of the respondent that in the years 1956 and 1957 the execution of three contracts within the jurisdiction of his department for the demolition of buildings in that city by two corporations whose principals are the operating heads of the corporate petitioner was unsatisfactory in respects which he specified and that he could not recommend any corporation with which they were associated for the performance of building demolition work.
By letter dated July 18,1958 the director wrote the petitioner as follows: ‘ ‘ This Department has been considering an award in each of the above identified projects, for which your firm has submitted the apparent low bids. Section 38 of the Highway Law provides for an award ‘ to the lowest responsible bidder, as will best promote the public interest ’.
“ The purpose of this letter is to inform you that this Department has information to the effect that the principals of your firm were also connected with contracts with the City of New York for firms under the names of Atlantic Wrecking Company and Kaufman Wrecking Company. Your performance in connection with these contracts has been reported to be unsatisfactory and also that there was a lack of cooperation with the City Department. Such facts, if proven, would establish that you are not a ‘ responsible bidder
“ You are hereby notified to attend a meeting in the office of Deputy Chief Engineer B. A. Lefeve, on the 15th floor of The Governor Alfred E. Smith State Office Building, Albany, *848 New York, on Wednesday, July 23, 1958 at 2:00 p.m. (daylight saving time). At that meeting you should be prepared to explain the relationship between the Albro Contracting Corp. and the Atlantic Wrecking Company and Kaufman Wrecking Company. You will be afforded a full opportunity to discuss the experiences with the City of New York as above mentioned. It will also be necessary for you to state the present status of any public, contracts not yet completed by the Atlantic Wrecking Company, the Kaufman Wrecking Company and the Albro Contracting Corp. At the conclusion of the meeting, all of the information submitted will be evaluated for the purpose of determining whether or not your firm is deemed to be the responsible bidder in each of the above identified projects.”
The petitioner alleges that it received this communication by mail on July 22, 1958. Its president appeared at the time and place appointed for the meeting. Present thereat were members of the staff of the respondent comprising its counsel, the director of its bureau of contracts, its assistant deputy chief engineer and its assistant district engineer. The Director of the Bureau of Accounts in the State Department of Audit and Control also attended. At the meeting it is alleged that petitioner ’s president orally ‘ ‘ categorically denied as pure fiction ’ ’ the claims of unsatisfactory work made by the Commissioner of Public Works of the City of New York. He produced three letters of recommendation and submitted a schedule of 26 contracts which had been performed by corporations- apparently under his control. The petitioner further alleges that to substantiate its orally stated position its representative requested a short recess of the meeting to permit him to go to his hotel room in the City of Albany to procure documents which he had brought with him from New York City but not to the meeting and that such permission was refused by the respondent’s representatives. It is charged further that subsequent efforts to communicate with the superintendent of the respondent were unavailing and that requests for a second hearing to present documentary proof of its contentions were ignored. The contracts were awarded to the second competitive bidder upon the written approval of the Comptroller and the petitioner notified of the result on August 18, 1958.
The gist of the petitioner’s contention is that it was given inadequate notice of the meeting, was not afforded a full and complete opportunity prior to the making of the determination to be heard in explanation and refutation of the adverse report and that there was insufficient basis for the determination.
*849 It cannot be said that the petitioner was surprised at the meeting. It knew that its responsibility as a bidder would be the issue at the informal hearing. The notice sufficiently alerted it with respect to the contracts concerning the performance of which, by corporations concededly allied with petitioner’s operative principals, the department had received derogatory information. It was advised that prior unsatisfactory performances would bear significantly on the question of the awardments and that an opportunity to explain the claims of such would be afforded. Its president timely appeared at the hearing and orally took advantage of the proffered opportunity.
A suitable occasion to present its side of the case after fair apprisement of what the issues would be was thus provided the petitioner. Since the superintendent was not required in the first instance to grant a hearing, it certainly was not unreasonable for him to decline to grant requests for a rehearing. His refusal to prolong the meeting by adjournment to permit the production of papers which the record does not identify was not unreasonable in the circumstances.
It follows there was warrant in the record, a reasonable basis in law for the superintendent’s determination and that it was neither arbitrary nor capricious. (Board v. Hearst Pub., 322 U. S. 111, 131; Matter of Park East Land Corp. v. Finkelstein, 299 N. Y. 70, 75; Red Hook Cold Stor. Co. v. Department of Labor, 295 N. Y. 1, 9.) The rule is aptly stated in Matter of Luboil Heat & Power Corp. v. Pleydell (178 Misc. 562, 566) as follows : ‘ ‘ Barely will the court by way of an order in the nature of mandamus direct an administrative agency to award a contract to a particular bidder. ” It is only where there has been a clear violation of law or where there has been failure to perform some act required by law that the courts have intervened. ’ ’ (Epstein Co. v. City of New York, 100 N. Y. S. 2d 326, 331.) This is not the case here. (Matter of Stracquadanio v. Department of Health, 285 N. Y. 93; Matter of Leitner v. New York Tel. Co., 277 N. Y. 180, 186; Matter of Kaelber v. Sahm, 281 App. Div. 980, affd. 305 N. Y. 858; Matter of Colonial Beacon Oil Co. v. Finn, 245 App. Div. 459, affd. 270 N. Y. 591; Matter of La France Truck Corp. v. City of New York, 7 Misc 2d 739.)
Accordingly, the application is denied, the petition dismissed on the merits and the interim stay contained in the order to show cause vacated.
Submit order.