ARTHUR VENNERI COMPANY, A NEW JERSEY CORPO-
RATION, PLAINTIFF, v. HOUSING AUTHORITY OF
CITY OF PATERSON AND B. J. LUCARELLI & CO., INC.,
A NEW JERSEY CORPORATION, DEFENDANTS.

Superior Court of New Jersey
Law Division

Decided December 9, 1958.

*Messrs. Cole, Berman & Garth,* attorneys for plaintiff (*Mr. Leonard I. Garth,* appearing).

*Mr. Martin Verp,* attorney for defendant Housing Authority of City of Paterson.

*Messrs. Riker, Emery & Danzig,* attorneys for defendant B. J. Lucarelli & Co., Inc. (*Mr. Charles Danzig,* appearing).

*Mr. Herman Scott,* Assistant United States Attorney, for the Public Housing Administration, *amicus curiae.*

COLIE, J. S. C. This proceeding in lieu of prerogative writs came before the court on plaintiff's motion for summary judgment in its favor and plaintiff's application for a restraint. In the course of the hearings, the first of which was had on December 1, 1958, and the second, at the request of the court, on December 8, 1958, it was agreed that the matter be considered by the court as though a motion had been made by the defendants for a judgment dismissing the complaint. The court also permitted Mr. Herman Scott, Assistant United States Attorney, to appear and argue on behalf of the Public Housing Administration as *amicus curiae.*

The gravamen of the complaint is that the plaintiff corporation, hereinafter referred to as Venneri, bid the sum of $4,647,000 upon a housing project of the Housing Authority of the City of Paterson in accordance with an invitation to bid on Housing Project P. H. A. N. J. 21–5. The defendant B. J. Lucarelli & Co., Inc. bid $4,683,000 thereon. Plaintiff contends that the Housing Authority acted illegally in awarding the contract to defendant Lucarelli, in that he was not the lowest responsible bidder, and it seeks the judgment of the court setting aside as illegal and void the award to Lucarelli, the award of the contract to the plaintiff, and a general restraint against the Housing Authority and Lucarelli from proceeding with performance of the contract.

The plaintiff's motion for judgment raised the constitutionality of *N. J. S. A.* 55:14A–7(c) and 19. Accordingly, counsel for the plaintiff advised the Attorney General of New Jersey, and the Attorney General, under date of December 4, 1958, determined not to apply for intervention at this stage of the proceeding but await the determination of this court and reconsider the question of intervention.

The plaintiff's argument proceeded along the line that the Housing Authority of the City of Paterson was a creature of the Local Housing Authorities Law, *N. J. S. A.* 55:14A–1 *et seq.;* that it is a municipal agency and controlled by the laws of New Jersey applicable to municipalities, more particularly the statutory provisions that a municipality may not award a contract in excess of $2,500 to any but the lowest responsible bidder; that plaintiff's bid was the low bid and it thereby could not be deprived of the vested interest which it attained by reason of being the lowest bidder except on a showing that it was not the "lowest responsible bidder" after a hearing; that it was not afforded a hearing, and therefore the rejection of plaintiff's bid was illegal and the award to Lucarelli should be set aside and the contract awarded to plaintiff.

The argument before this court was devoted largely to whether or not the various federal regulations, under which the Housing Authority of Paterson acted, overrode the hold-

ings of our state courts that the low bidder for a contract acquires a status which entitles it to a hearing before the contract can be awarded to another, and where the allegation is that the low bidder is not a responsible bidder, it has a right to be heard upon that question and there must be a distinct finding against it, upon proper facts, to justify rejecting the low bid on the ground of lack of responsibility. The cases to this effect are legion. *Cf. Sellitto v. Cedar Grove Tp.,* 132 *N. J. L.* 29 (*Sup. Ct.* 1944). The decision of this court did not turn upon that question but rather upon a finding that plaintiff was afforded a hearing before the Housing Authority of Paterson. The reasons that led to this finding are as follows:

The Venneri Company held a contract for the construction of a hangar at the Portsmouth Air Force Base in New Hampshire. On May 4, 1957, at a time when 99% of the work at Portsmouth Air Force Base on the hangar was completed but the final amount due to Venneri was under discussion, Mr. Arthur Venneri, the president of the Venneri Company, met Colonel George N. Kibler, who had jurisdiction of the Portsmouth Air Force Base contract. Mr. Venneri, Colonel Kibler and a Mr. Forte met in the coffee shop of the Washington Hotel. When Mr. Forte left the table to pay the breakfast check of Mr. Venneri and himself, Mr. Venneri handed an envelope to Colonel Kibler, mumbling something which he did not recall at the hearing before the Department of Defense. That envelope contained ten $100 bills. The Venneri Company and Mr. Venneri were charged with having violated the Gratuities clause in its contract with the Department of Defense. The Department of Defense held a hearing at which Arthur Venneri appeared and testified. On May 7, 1958 an order was made debarring Venneri Company and its officers from doing business with the Department of Defense on any new procurement for a period of one year. This debarment was predicated upon a finding that "Mr. Arthur Venneri did give a gratuity of $1,000. to Colonel George N. Kibler  *  *  * with a view toward securing favorable treatment with respect

to the making of determination and the settlement of claims and disputes as to the performance of certain contracts." On August 5, 1958 the "Public Housing Administrator" placed the names of Arthur Venneri and the Venneri Company on its list of ineligible bidders. The action of the Public Housing Administration in placing the plaintiff company upon the ineligible list was taken under the authority of General Regulation No. 15, more specifically by virtue of paragraph 5a(4). "Each executive agency is authorized to debar in the public interest a firm or individual for any of the causes and under all appropriate conditions listed below: * * * Debarment by some other executive agency." On August 20, 1958 Housing Authority of Paterson entered into a contract with the Public Housing Administration for the financing of the undertaking. Section 303 of that contract provides "The local authority [Housing Authority of Paterson] shall not award any contract to any contractor * * * who is ineligible to receive awards of contracts from the United States as evidenced by the list or lists of such contractors furnished by the P. H. A." The Public Housing Authority furnished the Housing Authority of Paterson with a copy of its Low-Rent Housing Manual, section 103.1 of which is to the same effect. On September 5, 1958 the Venneri Company wrote to the Housing Authority of Paterson requesting a review of the case with the view of deleting its name from the ineligible bidder's list, and on September 12, 1958 the Housing Authority of Paterson replied that "it was the decision of the commissioners to comply with Circular dated 8–1–58 of the Public Housing Administration. However, if clearance is obtained by your Company bids will be accepted by this Authority from you." On September 25, 1958 the plaintiff submitted to the Housing Authority of Paterson and to the special assistant to the commissioner of Public Housing Authority, a paper writing which included (1) application for waiver; (2) 13-page memorandum outlining the contractor's background; (3) contractor's answer; (4) contractor's brief in Gratuities Clause Board hearing. This application was apparently made under

the authority of Regulation 103.1A(2). The significant facts with reference to the incident of May 4, 1957, involving the gift of $1,000 to Colonel Kibler, are to be found in the statement entitled "Background facts of the incident." The background facts disclose that as of May 4, 1957 the Air Force was withholding $31,000, although it is said that the Air Force had agreed, prior to May 4, 1957, to accept $6,400 and a bond for $32,000 to protect it against contingencies.

On page 11 of the brief submitted before the Department of Defense, Arthur Venneri did not deny any part of the incident of May 4. It is interesting to note on page 27 of the brief submitted to the Public Housing Administration and the Housing Authority of Paterson that counsel for the Venneri Company offered as a proposed conclusion the following: "1. The contractor did not offer or give a gratuity to Colonel George N. Kibler with a view toward receiving favorable treatment with regard to any Government contract." The finding of the Department of Defense was that the gratuity was given with a view toward securing favorable treatment. Thereafter, on October 7, 1958 bids were received on the project, and on October 16, the Housing Authority of Paterson awarded the contract to Lucarelli. The plaintiff company was informed by the executive director of the Housing Authority of Paterson that a meeting would be held on October 16, 1958, at which the plaintiff could, if it so desired, address the commissioners. No one on behalf of the plaintiff attended that meeting, and on October 29, 1958 the contract between the Housing Authority of Paterson and Lucarelli was entered into.

This court found as a fact that plaintiff had been afforded a hearing before the Housing Authority of Paterson on the question of irresponsibility. In *Picone v. City of New York,* 176 *Misc.* 967, 29 *N. Y. S.* 2d 539 (*Sup. Ct.* 1941), the question of whether a bidder for a public contract had the integrity and moral worth to be considered a responsible bidder was held to be a proper element in determining whether such bidder was the "lowest responsible bidder."

What is meant by a "hearing" has been settled in the case of *Breakenridge & Tichenor v. City of Newark,* 95 *N. J. L.* 436 (*E. & A.* 1921), the court holding:

"A hearing in its very essence demands that he who is entitled to it shall have the right to support his allegations by argument, however brief; and, if need be, by proof, however informal."

Citing *Londoner v. City and County of Denver,* 210 *U. S.* 373, 28 *S. Ct.* 708, 52 *L. Ed.* 1103. Arthur Venneri, the president of the Venneri Company, appeared before the Department of Defense, was examined and admitted the incident of May 4, 1957. Venneri and his company were represented by counsel at that hearing and presented a brief. It is undoubtedly true under the law of New Jersey that before the low bidder may be deprived of his status as such on the ground of irresponsibility, he is entitled to a hearing, but there is an exception to that rule stated by the Appellate Division in *Carey & Co. v. Borough of Fair Lawn,* 37 *N. J. Super.* 159 (*App. Div.* 1955). The court there said:

"The proposal of the lowest bidder may not be by-passed for purported general lack of responsibility without affording the bidder a hearing on the question, since his low bid *prima facie* entitles him to the award. In that posture a hearing is plainly indicated, as much in the interest of the taxpaying public as in that of the rejected bidder. But no case is cited or discoverable where, as here, there was a rejection of a bid for a patent failure of the bidder to comply with a specific, objective requirement of the contract specifications, manifested on the face of the proposal, in which it was held or even contended that the governing body was required to go through the motions of a hearing. In such a situation the *prima facie* right of the bidder has been affirmatively refuted on the record before the municipal body."

The factual situation between the *Carey* case and the instant case is not analogous, but the reasoning is applicable. The record submitted to the Housing Authority of Paterson by the Venneri Company conceded that Arthur Venneri had given $1,000 to Colonel Kibler, at a time when Colonel Kibler was in a position where he might be helpful to the donor. From that fact the Housing Authority of Paterson

was justified in its rejection of the Venneri Company bid on the ground of irresponsibility. The holding of a hearing by the Housing Authority of Paterson could not alter that admitted fact, and a hearing could not change the fact. It is significant that neither the Venneri Company nor its president took steps to review the finding of the Department of Defense. The most that was ever done was to file the application for waiver with the Public Housing Authority and the Housing Authority of Paterson on September 25, 1958.

There was no showing before this court, nor any representation by counsel that Arthur Venneri or the Venneri Company could produce additional evidence not available to it at the time of the Department of Defense hearing. There was evidence of irresponsibility of the bidder such as would cause fair-minded and reasonable men to believe that it was not in the best interests of the municipality to award the contract to the lowest bidder.

For the reasons stated, the motions of the plaintiffs are denied; the motion of the defendants is granted.