George M. Fanelli, J.
This is a proceeding under article 78 of the Civil Practice Act for an order in the nature of mandamus directing respondent, Village Board of Trustees of the Village of North Tarrytown, to rescind a certain contract for refuse and garbage removal within said village awarded to respondent, Thruway Carting, the second lowest bidder, and to award said contract to petitioners, the lowest bidder. Answers and a reply have been interposed and respondent Thruway cross-moves to dismiss the petition for legal insufficiency.
The record discloses that petitioners were concededly the lowest bidder for a two-year contract commencing May 8, 1959 by $4,360. The minutes of the Village Board held on April 20, 1959 at which- six trustees attended disclose that the contract was awarded to respondent Thruway by a vote of 5 to 1. The majority were of the opinion that since said respondent was then already servicing the community for the past three years and that since his work was found satisfactory, the small difference in the bids did not warrant a change. The dissenting trustee, however, voted to award the contract to petitioners for at least one year, since, although the village had never had any experience with them, yet they were the lowest bidder and competitive bidding was something that should be encouraged.
The answer and accompanying affidavit of the respondent board indicate that after investigation made by the board, they had received reports that petitioners had not rendered satisfactory service in connection with a garbage removal contract with the Town of Greenburgh, and, consequently, in good faith, in the exercise of discretion and for the best interests of the village, they felt that petitioners were not the “ lowest responsible bidder ” referred to in section 103 of the General Municipal Law. Petitioners, on the other hand, take the position that the conclusion reached by said respondent was based solely upon rumor allegedly instigated by its competitor (respondent, Thruway) and they buttress such contention by an affidavit of the one dissenting trustee to the effect that from his inquiries of the Clerk of the Town of Greenburgh, there was no confirmation of such rumor, and by affidavits of counciknen of said town that their present removal of garbage and refuse is being serv *378 iced by Tbruway only because he was the lowest bidder and not because of any dissatisfaction on the part of petitioners who formerly had the contract.
It is petitioners’ contention that they are the lowest responsible bidder; that the contract was awarded to their competitor (Thruway) only because he was then rendering good service to the village and not because of any unique responsibility on his part; and that the award made was arbitrary, capricious and illegal.
In interpreting a New York City Charter provision similar to section 103 of the General Municipal Law which provides, among other things, that contracts such as the instant one shall be awarded to the ‘ ‘ lowest responsible bidder ’ ’, the courts have held that lowest responsible bidder must not necessarily be limited to the lowest dollar bidder. The awarding agency, such as respondent board, has the duty and discretion to investigate the integrity and moral worth of the various bidders and to examine their background and, in the absence of any factual showing of dishonesty, fraud, collusion, corruption or bad faith, the determination of the appropriate municipal authority should not be overturned by the courts (see Picone v. City of New York, 176 Misc. 967 and cases cited therein). This court should not judicially interfere, nor substitute its judgment for that of the five members of respondent Board of Trustees, nor should it pass upon their wisdom. In the absence of any factual showing of fraud, it is presumed that they acted in good faith and honestly exercised their judgment and discretion in not awarding the contract to petitioners despite the fact that they were the lowest bidders (Matter of Kaelbar, 281 App. Div. 980). The general presumption is that public officials, as well as boards, act honestly and in accordance with law (Matter of Magnotta v. Gerlach, 301 N. Y. 143, 149).
The court is of the opinion that there is a reasonable and plausible basis in this record for the determination of the respondent Board of Trustees. No substantial triable issues of fact have been raised which require a trial. Neither the petition nor the affidavits submitted by petitioners make any factual showing of capriciousness, arbitrariness or abuse of discretion on the part of said respondent to warrant the granting of mandamus and the other summary relief under article 78. It is only where there has been a clear violation of law or where there has been failure to perform some act required by law that courts have intervened (Epstein Co. v. City of New York, 100 N. Y. S. 2d 326; Matter of Albro Contr. Corp. v. Department of Public Works, 13 Misc 2d 846),
*379 Accordingly, the application is denied and the cross motion to dismiss the petition for legal insufficiency is granted, but without costs. The stays contained in the order to show cause dated April 27, 1959 are vacated.
Settle order on notice.