Fred J. Munder, J.
The petitioner, as lowest bidder on the letting of a public contract for the construction of a $192,000 addition to the Bayport Elementary School, brings this proceeding pursuant to article 78 of the Civil Practice Act to set aside the determination of the Board of Education of Union Free School District No. 5 awarding the contract to E. W. Howell Company, respondent, and second lowest bidder.
Subdivision 1 of section 103 of the General Municipal Law provides that such contracts be awarded “ to the lowest responsible bidder ”. On the basis of its architects’ recommendation, its own investigation and other evidence before it, the board voted to reject the petitioner’s bid. Upon being informed on July 31, 1959, that the contract had been awarded to another, the petitioner, through its attorney, requested a hearing before the board in order to afford it the opportunity to present evidence of its responsibility and of its right to the award of the contract. This request was granted and a hearing was held on August 4,1959. Subsequently the board determined to adhere to its original decision, and the petitioner now brings this proceeding on the grounds that the determination of the board was arbitrary, capricious and not supported by the facts, and that it was not afforded a fair hearing containing the essential elements of a fair trial.
*295 That there is no statutory requirement that the board hold a hearing is conceded. Nor, with the exception of Matter of Ward La France Truck Corp. v. City of New York (7 Misc 2d 739) cited by petitioner, does there appear to be any ease law that requires such a hearing. That decision was based solely on the reasoning of the Court of Appeals in the case of Matter of Hecht v. Monaghan (307 N. Y. 461) which involved an entirely different set of circumstances. There a property right was involved, the petitioner’s hack driver’s license having been revoked, and it was held that in such cases the requirement of a hearing is implied. Where a hearing involving valuable property rights is so required the petitioner must be afforded one that contains the essential elements of a fair trial.
Here no property right is involved. The petitioner was simply offered the right to bid for a contract and was unable to prove to the satisfaction of the board its ability to qualify as the ‘ ‘ lowest responsible bidder ’ ’. That the failure to win the award may adversely affect the petitioner’s reputation is of no consequence. Since the “ primary object of such laws is the consideration and conservation of the public welfare, it follows that the officers are to act wholly for the good of the public whom they represent, and not for the bidder, whose interests he alone must guard”. (10 McQuillin, Municipal Corporations [3d ed.], § 29.72, p. 347, quoting from McGovern v. Trenton, 57 N. J. L. 580. See, also, Martin Epstein Co. v. City of New York, 100 N. Y. S. 2d 326.)
Since no hearing was required to be granted, either statutorily or impliedly, the petitioner cannot be heard to complain of the hearing it was afforded. The burden was on the petitioner to present proof of its responsibility. It can scarcely claim surprise as it knew that that would be the issue, and it could only support its position by proving satisfactory performance of the contracts it had undertaken in the past. (See Matter of Albro Contr. Corp. v. Department of Public Works, 13 Misc 2d 846.)
There remains the question of whether the determination of the board was arbitrary or capricious, or based on insufficient evidence. On the record before ms I find ample basis for its determination and conclude that the refusal of the petitioner’s bid was neither arbitrary nor capricious. The board, before rejecting this bid, not only sought and obtained information through its architect from those for whom petitioner worked in the past, but also engaged an investigative agency, The Long Island Reports, to look into petitioner’s background. None of that information was such as to inspire confidence in petitioner’s *296 qualification to do the work. This does not mean that petitioner “ could not have performed the contract; what we do mean, however, is that the evidence shows that the Board acted in good faith and had reason to doubt that company’s ability to perform.” (Syracuse Intercepting Sewer Bd. v. Fidelity & Deposit Co. of Maryland, 255 N. Y. 288, 294, Crane, J.)
In the light of these circumstances this court will not, indeed may not, substitute its judgment for that of the board.
The application is therefore denied and the petition dismissed on the merits.
Submit order.