Mario Pittoni, J.
This is an article 78 (Civ. Prac. Act) proceeding to review the action of the respondent, the Suffolk County-Water Authority (hereinafter called “the Authority”), in awarding to another bidder a contract for furnishing labor and materials for water service installations. The petitioner contends that it was the low bidder and that the Authority awarded the contract to a higher bidder in violation of section 1088 of the Public Authorities Law, which reads in part as follows: ‘ ‘ All contracts * * * in connection with construction shall be awarded by the authority * * * only after inviting sealed bids * * *. If the authority shall not deem it for the interest of thé authority to reject all bids, it shall award the contract to the lowest bidder, unless the authority shall determine that it is for the public interest that a bid other than the lowest bid should be accepted.”
A reading of section 1088 shows that the Authority had latitude and discretion in determining whether to accept or reject the lowest bid. The determining factor in the statute was the public interest.
Here the Authority determined that a comparison of the amount and type of work done under the 1962 contract with the amount and type of work to be done in 1963 showed that it would be about $2,196 cheaper for the Authority to award the contract to another bidder, even though the petitioner’s bid per unit was lower.
The Authority also considered its past experiences with the petitioner in making its present decision. In 1958, when the petitioner was awarded the contract, it was unable to finish the job by itself and in May of that year had to request permission to bring in a subcontractor. In 1961 the petitioner bid again, but investigation by the Authority’s consulting engineer, Stone and Webster Eng. Corp., questioned the petitioner’s ability to do the job and, without contest by the petitioner, the contract was awarded to a higher unit bidder. Furthermore, in the present bid four work crews were included in the bid submitted by the awardee, and only three in the petitioner’s bid. The size of the work force is an important element in insuring prompt service. Thus, the Authority had a common-sense and reasonable basis for its determination.
A court may not substitute its judicial judgment; nor will it define or limit the standards the Authority should have used as a guide; so long as the method chosen by the Authority in making its determination was reasonable. Therefore, it cannot be said that the Authority was arbitrary, capricious, or unreasonable, or that it did not act in the public interest. (Matter of *665 Tuller Constr. Co. v. Lyon, 257 N. Y. 206; Matter of Kaelber v. Sahm, 281 App. Div. 980; Matter of Haskell-Gilroy v. Young, 20 Misc 2d 294, affd. 10 A D 2d 629; Matter of Gaskell, Inc., v. Maslanka, 33 Misc 2d 88.)
The petition is dismissed.