Henry M. Zaleski, J.
This is an article 78 proceeding to review and vacate the award of a contract for work to be performed in the replacement- of asphalt and bituminous shoulders on municipal highways. The petition is dismissed.
The petitioner asserts that it was the low bidder for so-called Group I Plants, but that the contract was awarded to a higher bidder in violation of section 1088 of the Public Authorities Law. Petitioner argues that of the total number of unit bids submitted by each bidder, it submitted more low bids than did the successful bidder. That may be true, but by using respondent’s method of computation petitioner was not the lowest. In awarding the contract respondent considered the quantity of the same kind of work performed in the year 1962. There was then applied the unit prices submitted by each-bidder. By that method of computation the respondent ascertained that a bidder other than petitioner was the low bidder and that the anticipated cost would be some $5,000 less than the cost if petitioner were hired; .The question then is whether the method adopted by the respondent was arbitrary in the sense that it had no reasonable basis.
Section 1088 of the Public Authorities Law requires that unless all bids are rejected in the interest of the authority “ it shall award the contract to the lowest bidder, unless the authority *277 shall determine that it is for the public interest that a bid other than the lowest bid should be accepted.” The significant factor obviously is the public interest. The method used by respondent was upheld in Merrick Utility Associates v. Suffolk County Water Auth. (38 Misc 2d 663). This court agrees with the conclusion reached therein. The method adopted by the respondent ivas- not unreasonable. No one can foresee the precise amount of work that may be required. This is not a case involving the purchase of an exact quantity of items. Whether any work at all will be performed depends on the future demand for water service. This is made clear in the instructions to bidders wherein it is stated that the authority ‘1 is not able to determine in advance the volume of work to be done ”. In view of that problem reliance on very recently past experience is not arbitrary. Since there was a plausible basis for the respondent’s action, the court will not interfere. (Matter of Haskell-Gilroy v. Young, 20 Misc 2d 294, affd. 10 A D 2d 629; Matter of W. J. Gaskell, Inc. v. Maslanka, 33 Misc 2d 88; Merrick Utility Associates v. Suffolk County Water Auth., supra.)
Petitioner also complains that the successful bidder submitted a qualified bid because it stated that it would charge a $50 minimum at any given site. The court does not construe the bid as qualified. When making the computation the Authority simply looked back to 1962, ascertained the number of jobs costing less than $50 and arrived at a figure which was added to the total. The result still made the successful bidder lowest.
Under all the circumstances disclosed the court concludes that the Authority did not act improperly.