Lawrence H. Cooke, J.
In this article 78 proceeding, petitioner, a bidder in connection with a project for improvement of certain State highway portions in Suffolk County, seeks an order (1) directing respondents Cohen, as Director of the Bureau of Contracts, and McMorran, as Superintendent of the New York State Department of Public Works, to award the contract to petitioner, and (2) declaring that the action of the said department, through its said Superintendent and Director, in rejecting petitioner’s bid and awarding the contract to Lizza and Sons, Inc., be declared null and void.
There ¡seems to be no dispute as to the material facts, it appearing that, when the bids were opened on August 20, 1964, petitioner’s figure of $177,845:50 was the lowest of those submitted and that on September 29, 1964 a letter was written to petitioner stating in substance that it was not deemed to be “ the lowest responsible bidder, as will best promote the public interest ”, that the department had been furnished with a copy of an indictment charging petitioner with grand larceny in the first degree and conspiracy in relation to certain property owned by the State of New York and that, accordingly, petitioner’s proposal was rejected and an award was made to respondent Lizza in the sum of $177,984. It further appears that the accusations contained in said indictment involve the alleged larceny of top soil by petitioner from a State highway at a time when petitioner was engaged in construction of a portion of said highway under contract entered into with the State Department of Public Works and that said indictment was pending at the time of the rejection and award in question.
Section 38 of the Highway Law, entitled “ Contracts for construction or improvement of highways ”, provides in ¡subdivision 3 thereof, denominated “Award of contracts ”, that such a contract shall be awarded “ to the lowest responsible bidder, as will best promote the public interest Thus, in order for the Superintendent of Public Works to make an award, the bid must be (1) the “lowest” bid, (2) that of a “responsible” bidder and (3) the award ¡must “best promote the public interest ”. The mere fact that a party who has made proposals for public work is the lowest dollar bidder does not necessarily entitle him to the contract (Erving v. Mayor, etc., of New York, 131 N. Y. 133, 138; Matter of Limitone v. Galgano, 21 Misc 2d 376, 378).
True, an indictment is an accusation in writing, presented by a Grand Jury to a competent court, charging a person with a crime (Code Grim. Pro., § 247) and a defendant in a criminal action is presumed to be innocent, until the contrary be proved *499 (Code Crim. Pro., § 389; People v. Sutherland, 252 N. Y. 86, 89). With these statutory pronouncements, there can be and should be no dispute and nothing herein is to be implied to the contrary.
But there are other well-recognized legal principles. One, of general application, is that a petitioner seeking relief in the nature of mandamus must show a clear legal right thereto in order to succeed and, when the official act complained of involves the exercise of a discretionary power, the inquiry of the court is limited to a determination of whether the record discloses circumstances which leave no possible scope for the reasonable exercise of that discretion (Matter of Wager v. State Liq. Auth., 4 N Y 2d 465, 468; Matter of Marburg v. Cole, 286 N. Y. 202, 213; Matter of Stracquadanio v. Department of Health, 285 N. Y. 93, 95-96; Matter of Leitner v. New York Tel. Co., 277 N. Y. 180, 186).
More particularly, the awarding of a contract on the part of a public official to one of several bidders requires the exercise on his part of judgment and discretion (Erving v. Mayor, etc., of New York, 131 N. Y. 133,138; Matter of Luboil Heat & Power Corp. v. Pleydell, 178 Misc. 562, 566; Picone v. City of New York, 176 Misc. 967, 969) and, where there is found to be a rational basis for the administrative determination, the judicial function is exhausted and the administrative agency, not the court, is the final arbiter (Matter of Bielec Wrecking Lbr. Co. v. McMorran, 21 A D 2d 949, 951; Matter of Daniel J. Rice, Inc. v. Board of Educ. of City of N. Y., 15 A D 2d 958; Matter of Caristo Constr. Corp. v. Rubin, 15 A D 2d 561, affd. 10 N Y 2d 538; Matter of Kay field Constr. v. Morris, 15 A D 2d 373, 378; Matter of Kaelber v. Sahm, 281 App. Div. 980, affd. 305 N. Y. 858). Thus, the courts may not interfere, in an article 78 proceeding brought by a bidder, with the lawful exercise of discretion vested in the awarding body (Matter of Tuller Constr. Co. v. Lyon, 257 N. Y. 206; Matter of Glen Truck Sales & Serv., 31 Misc 2d 1027, 1029; Matter of Limitone v. Galgano, 21 Misc 2d 376, 378, supra; Matter of Kniska v. Splain, 201 Misc. 729, 731) and rarely will the court by way of an order in the nature of mandamus direct an administrative agency or official to award a contract to a particular bidder (Matter of Albro Contr. Corp. v. Department of Public Works, 13 Misc 2d 846, 849; Matter of Luboil Heat & Power Corp. v. Pleydell, 178 Misc. 562, 566, supra).
The primary object of the bidding law in question was for the benefit and protection of the public (People ex rel. Gaffey v. Fobes, 151 App. Div. 245, 253, affd. 210 N. Y. 598; Matter of Haskell-Gilroy v. Young, 20 Misc 2d 294, 295, affd. 10 A D 2d 629). Here, the awarding official had before him the fact of the *500 pending indictment in which petitioner was named as a defendant charged with a crime arising out of a similar contract and concerning which the State was the alleged victim. These were the same parties as those for the proposed contract sought here by petitioner. The investigation resulting in the indictment was initiated by the Attorney-General at the written request of the respondent Superintendent of Public Works and the matter was presented to-the Grand Jury by the Attorney-General. This has led, obviously, to hostility and distrust between the parties.
The fact of this particular pending indictment with its particular ramifications, as distinguished from just any indictment with no relationship, was sufficient to support a rational and reasonable basis for the rejection of petitioner’s bid as one which would not“ best promote the public interest ”. The State had a right to enter into a contract where the good faith and fair dealing which should exist between contracting individuals (cf. Mutual Life Ins. Co. of N. Y. v. Tailored Woman, 309 N. Y. 248, 254; Kirke La Shelle Co. v. Armstrong Co., 263 N. Y. 79, 87) would not be endangered or performance handicapped by apparent animosity and suspicion between these parties toward each other. It cannot be said that the Superintendent’s determination was devoid of reason or that there was no possible scope for the reasonable exercise of his discretion. The issue is not whether that determination was wise and the court should not substitute its judgment for that of the Superintendent.
The application is denied, the petition dismissed on the merits and the interim stay vacated.