Frank J. Pino, J.
This is an article 78 proceeding wherein the petitioner Arglo Painting Corp., hereinafter called “Arglo”, a bidder of work involving repairing, painting and refinishing of a school in the Borough of Brooklyn, seeks an order (1) directing the Board of Education of the City of New York to qualify petitioner as eligible for the award of the contract; (2) directing the Board of Education to execute a contract with petitioner as the low bidder; and (3) restraining the Board of Education from awarding the contract to any other person, firm or corporation.
The papers reveal that on April 8,1965, the respondent Board of Education was notified by the District Attorney of New York *619 County that during the course of his investigation as to bid rigging on public contracts, one Sam Spector of Dunrite Painting and Decorating Co., Inc., hereinafter called “ Dunrite ”, had refused to sign a waiver of immunity. Such refusal, pursuant to section 103-b of the General Municipal Law enacted September 1, 1960, automatically disqualified the said Sam Spector “ and any firm, partnership or corporation of which he is a member, partner, director or officer ” from “ thereafter selling to or submitting bids to or receiving awards from or entering into any contracts with any municipal corporation.”
On April 28, 1965, the respondent by resolution disqualified the said Sam Spector and Dunrite from bidding on Board of Education work for a period of five years from that date, pursuant to the afore-mentioned section.
On May 6, 1965, petitioner Arglo submitted a bid for alterations and repairs on New Utrecht High School, and when the bids were opened on that day, petitioner’s figure was found to be the lowest of those submitted. While reviewing the bids, employees of respondent observed similarities between petitioner and Dunrite, in that Arglo and Dunrite had the same business address and the same named secretary. As a result, respondent commenced an investigation into the relationship among Sam Spector, Arglo and Dunrite, to determine, in connection with the Arglo bid, the real party in interest.
Affidavits submitted on behalf of respondent establish substantially that the investigation disclosed that the said Sam Spector and his wife, Betty Spector, were the sole stockholders of both Dunrite and Arglo; that the president of Arglo was the accountant for Dunrite; that both enterprises occupied the same office and used the same telephone number; that Sam Spector was the president of Dunrite; that his wife, Betty Spector, was the secretary of both corporations; that the use of her name was only a formality, and that she practically never came to the office and never participated in the business affairs of either Dunrite or Arglo; and that Sam Spector was the active manager of Arglo. The respondent concluded from said investigation that Sam Spector was the real party in interest in the affairs of both Dunrite and Arglo, and that in submitting the bid in question, Arglo acted and “ fronted ” for Sam Spector.
On May 27, 1965, respondent advised petitioner that the latter’s formal request for qualification as bidder was disapproved.
On or about June 28, 1965, the Grand Jury of New York County indicted Sam Spector and Dunrite, accusing them of perjury in connection with five bids submitted to the New York City Housing Authority.
*620 On July 1,1965, the Board of Review of the Board of Education concluded that the hid of Arglo was not the lowest responsible bfd and that Arglo was not the lowest responsible bidder, and that in the public interest the award should not be made to petitioner.
Subdivision 10 of section 2556 of the Education Law of the State of New York provides as follows: “ The board of education shall let all contracts for public work and all purchase contracts to the lowest responsible bidder after advertisement for bids where so required by section one hundred three of the general municipal law.”
Subdivision 1 of section 103 of the General Municipal Law provides in part as follows: “all contracts for public work involving an expenditure of more than twenty-five hundred dollars * * * shall be awarded by the appropriate officer, board or agency of a political subdivision * * * to the lowest responsible bidder ”.
It is the contention of petitioner that the respondent’s disapproval and disqualification of petitioner was unlawful, unreasonable, arbitrary, capricious and violative of petitioner’s rights, generally, and in particular, in that respondent did not afford petitioner a hearing before determining whether to disqualify petitioner who alleges it is the lowest responsible bidder. Petitioner also asserts that section 103-a of the General Municipal Law relative to automatic disqualification upon refusal to waive immunity is unconstitutional in that it deprives petitioner of property rights without due process of law.
Petitioner’s claim that it has a property right herein and that it is entitled to a hearing before disqualification is without merit. It has been held that “ [Petitioner] did not obtain a vested or property interest in the contract merely by reason of the fact that it submitted the lowest bid.” (Matter of Kayfield Constr. Corp. v. Morris, 15 A D 2d 373, 378.) The law is well settled that an administrative determination without notice or hearing does not violate any rights where the statute does not so provide and where the determination does not affect a property right. (Matter of Haskell-Gilroy v. Young, 20 Misc 2d 294, affd. 10 A D 2d 629.) The contention that section 103-a of the General Municipal Law is unconstitutional is thus also without merit, insofar as it affects the facts in this case, and requires no further discussion.
The fact that Arglo submitted the lowest bid did not, as a matter of law, establish it as the lowest responsible bidder. The respondent as an awarding agency had the right as well as the duty of determining whether Arglo possessed integrity *621 and moral worth, or was in fact a front for a disqualified contractor. (Picone v. City of New York, 176 Misc. 967.) The duty of making this determination is judicial in its nature. (Erving v. Mayor of City of N. Y., 131 N. Y. 133.) Having properly investigated and found certain facts and conclusions reasonably based thereon, this judicial function is exhausted and the respondent, and not the court, is the final arbiter. (Matter of Bielec Wrecking & Lbr. Co. of Syracuse v. McMorran, 21 A D 2d 949; Matter of Rice v. Board of Educ. of City of N. Y., 15 A D 2d 958.) Thus, this court even if it were disposed may not interfere, in this article 78 proceeding, with the lawful exercise of discretion vested in the respondent. (Picone v. City of New York, supra; Matter of Tuller Constr. Co. v. Lyon, 257 N. Y. 206; Zarra Contr. Co. v. Cohen, 45 Misc 2d 497, affd. 23 A D 2d 718, and cases cited therein.)
The application is denied, and the stay is vacated.