In the Matter of the Petition of RALPH MARSH to Vacate an Assessment.

The published notice inviting bids for a local improvement in the city of New York contained a provision that the bidders should state in their proposals the price per cubic yard for rock excavations, and one-fourth the price bid would be allowed as the price for earth excavations; the notice contained the estimated quantities of work to be done. *Held*, that in the absence of allegations or proof that the provision was fraudulently inserted or that it in fact did any harm, this was not a violation of the provisions of the charter of 1870 (§ 104, chap. 137, Laws of 1870), requiring contracts for such work to be let to the lowest bidder.

A bid a little lower than the one accepted, tested by the estimated quantities, was rejected because of failure to conform to this specification, the bid for earth excavation being slightly in excess of one-fourth of that paid for rock excavation. *Held*, that the commissioner of public works having authority to insert the specification could require a literal and exact compliance therewith, and could reject as informal all bids not so complying, and a letting to the lowest bidder who did so comply, was valid.

It appeared that the bid accepted, tested by the actual quantities as found in the prosecution of the work and as paid for, was the lowest. *Held*, that the error, if any, in not awarding the contract to the apparent lowest bidder was not a substantial one within the meaning of the statute of 1874, relating to the vacating of assessments (chaps. 312, 313, Laws of 1874); and that one whose lands were assessed for the improvement was not aggrieved thereby; and, therefore, was not entitled to have the assessment vacated.

(Argued December 14, 1880 ; decided January 18, 1881.)

APPEAL from order of the General Term of the Supreme Court of the first judicial department, made July 1, 1880, reversing an order of Special Term, vacating an assessment upon lands of the petitioner for regulating, grading, etc., Ninety-sixth street in the city of New York. (Mem. of decision below, 21 Hun, 582.)

The facts appear sufficiently in the opinion.

*John C. Shaw* for appellant. The work for which this assessment was laid could only be done by contract given to the lowest bidder, and founded on sealed bids and proposals and pub-

lic competition. (Laws of 1870, chap. 137, art. 15, § 104; Laws of 1861, chap. 308; *People ex rel. Campbell* v. *Green,* MSS.) That which is directory in the statute as regards the liability of the city to a contractor may be held mandatory as regards the liability of the citizen for assessments. (*Moore* v. *The Mayor,* 75 N. Y. 238, 249–251; *People ex rel. Williams* v. *Haines,* 49 id. 587, 594; *In re Em. Ind. Svgs. Bk.,* 75 id. 388; *In re Mahan,* Ct. App., decided April 13, 1880; *In re Manhattan Ind. Sav. Ins.,* Ct. App., decided September 21, 1880.) A non-compliance with the laws and ordinances requiring the public letting of a contract to the lowest bidder is a grievance and a substantial error, and not one of the errors specified in chapter 313 of the Laws of 1874, as those for which assessments should not be vacated. (*In re Em. Ind. Sav. Bk.,* 75 N. Y. 388, 395; *In re Prot. Ep. School,* id. 324; *In re Walter,* id. 354; *In re Mahan,* Ct. Appeals, decided April 13, 1880; *In re Manhattan Ind. Sav Ins.,* Ct. Appeals, decided September 21, 1880.) The certificate of the commissioners under the act of 1872 did not affect the rights of parties to vacate assessments under the exceptions contained in section 7 of that act. (*In re Burmeister,* 76 N. Y. 179; *In re Astor,* 53 id. 617; *In re Mahan,* Ct. Appeals, decided April 13, 1880; *In re Em. Ind. Svgs. Bk.,* 75 N. Y. 388, 395; *In re Prot. Ep. School,* id. 324; *In re Walter,* id. 354.) The certificate of the commissioners was void. (*Merritt* v. *Village of Port Chester,* 71 N. Y. 309; *Nat. Bk. of Chemung* v. *City of Elmira,* 53 id. 49, 59; *Bellinger* v. *Gray,* 51 id. 610, 620; *Westfall* v. *Preston,* 49 id. 349, 354, 355; *Van Rensselaer* v. *Whitbeck,* 7 id. 517; *People* v. *McKinney,* 52 id. 374.)

*Wm. C. Whitney* for respondent. No statute required in express terms any thing more than that the contract should be given to the lowest bidder. (Laws of 1861, chap. 308, p. 702; Laws of 1870, chap. 137, p. 391.) This being a case neither of fraud nor repavement, the alleged irregularity in the letting of the contract is of no importance, in view of the certificate of the commissioners under chapter 580 of the Laws of 1872.

(*In the Matter of Dugro*, 50 N. Y. 513 ; *In the Matter of Robbins*, 82 id. 131 ; *Brown* v. *The Mayor*, 63 id. 239, 244.) The oath of office taken by the commissioners was a substantial and sufficient compliance with the provisions of chapter 580, Laws of 1872, and their decision as such commissioners cannot be impeached because said oath did not contain the very words of the statute. (Dillon on Corporations, § 153 ; id. 154; *Stockle* v. *Silsbee*, 41 Mich. 615 ; *In re M. & H. R. R. Co.*, 19 Wend. 135 ; 2 R. S. 605, § 7 [2d ed.] ; *Varish* v. *Golden*, 35 N. Y. 462 ; *Buffalo & State Line R. Co.* v. *Super. Erie Co.*, 48 id. 93 ; *Brevoort* v. *City of Brooklyn*, 18 Hun, 383 [1879] ; *People* v. *Crook*, 8 N. Y. 67; affirming 14 Barb. 259 ; *Olney* v. *Pierce*, 1 R. I. 292 ; *Blodgett* v. *Holbrook*, 39 Vt. 336 ; *Supervisors County of Allegany* v. *Van Campen*, 3 Wend. 49.) Action on a county treasurer's bond. (*Coleman* v. *Shattuck*, 62 N. Y. 353 ; *Bowman* v. *Cockrill*, 6 Kans. 311, 324 ; *People* v. *Supervisors of Ulster*, 34 N. Y. 268, 272.)

EARL, J.   The petitioner asks to have the assessment in this case vacated on two grounds: (1) Because the notice inviting bids for the work upon the street contained the following provision : " Bidders will state in their proposals the price for excavating rock per cubic yard (one-fourth the price bid for rock excavation will be allowed as the price paid for earth excavation per cubic yard) ; " and (2) because the contract for the work was not let to the lowest bidder.

In 1867, the common council of the city of New York passed an ordinance that Ninety-sixth street, from Fifth avenue to the East river, be regulated, graded, etc., under the direction of the commissioner of public works.   In pursuance of this ordinance, the commissioner, in September, 1870, advertised for proposals to do the work, and in the notice to contractors, the estimated quantities of work to be done were stated as follows : 6,000 cubic yards of earth excavation, 40,000 cubic yards of rock excavation, etc. ; and the notice contained the provision above stated.   There were a number of bidders for the work, among whom were Michael J. Bannon and Patrick Farley.

Bannon bid for rock excavation $1.30 per cubic yard, and for excavating earth five cents per cubic yard, and prices for other items of the work.   Farley bid for the rock excavation $1.77 1-2 per cubic yard, and 44 3-4 cents per cubic yard for earth excavation, and also prices for other items of work.   All the other bids were higher than those of Bannon and Farley, and the contract for the work was awarded to Bannon.

The law (§ 104, art. 15, chap. 137 of the Laws of 1870) required that the contract for this work should be let to the lowest bidder "under such regulations concerning it as shall be established by ordinance of the common council;" and the ordinances of the common council, as proved, provided that no contract should be made until proposals therefor had been advertised and estimates received and decided upon; that the several departments empowered to make contracts on the part of the corporation should issue the proposals for estimates and advertise the same; that the proposals should be in such form as might be prescribed by the department making the same and among other things should state the quantity and quality of supplies or the nature and extent, as near as possible, of the work required.  There was nothing in the law or the ordinances which condemned the specification complained of and it is not the just subject of complaint unless it, in some way, prevented or had a tendency to prevent fair and real competition among bidders.  The object of the statute and the ordinances was to invite real competition for work and to secure its performance for the lowest price which fair and real competition would produce.

Here no fixed price for any kind of work was named and no part of the work was withdrawn from competition by the commissioner and in these respects this case is unlike the case of *Mahan* and of the *Manhattan Savings Institution* recently decided by this court; but the price for all the work was left to be fixed by competition; and here too, unlike the cases just referred to, the quantities of work of each kind to be done were specified.  While I can perceive no purpose to be served by this specification, it in no way interfered with fair competition

and the whole work was just as effectually subject to bids as if this specification had been absent. A bidder would take the specification and look at the quantities and the nature of the work and determine what he could do the excavation for, and then he could set such a price for the rock excavation as would enable him to do the earth excavation for one-fourth of that sum. The work was let as a whole and any bidder could in the first place estimate the cost of the whole and then distribute the sum among the items as he liked. This matter of form was by the terms of one of the ordinances committed to the department advertising for bids.

There is no allegation or proof that this specification was inserted for any fraudulent purpose or that it, in fact, did any harm in this case.

We are, therefore, of opinion that the first ground of alleged error is not well taken.

The contract was not let to the lowest bidder as Farley's bid was a little lower in the gross amount than Bannon's. But Farley did not conform to the specifications as interpreted by the commissioner and hence his bid was thrown out as informal. The price he bid on earth excavation was three-eighths of a cent per yard more than one-fourth of the sum he bid for rock excavation. This, it is true, was a trifling difference. But, if the commissioner had the right to insert the specification, as we hold he did have, then he had the right to require literal and exact compliance therewith, and to decline all bids as informal which did not comply therewith. The commissioner interpreted the specification to require the bids for earth excavation per yard to be not more than one-quarter the sum bid for rock excavation, thus allowing the bid for earth excavation to be less than the one-quarter. If this be the correct interpretation as it has been assumed to be by both parties to this proceeding, then Bannon was the lowest bidder who complied with the specification.

But if it was the intention of the commissioner by this specification to secure the proportion of one to four between the bids for earth excavation and rock excavation then I am

unable to perceive why a bid for earth excavation of less than one-fourth was not just as informal as one for more than the one-fourth, and in this view Bannon's bid was just as informal as Farley's, and could for the same reason have been rejected.

But however the specification may be interpreted, there is a complete answer to the claim now made. While tested by the estimated quantities contained in the specification, Farley's bid for the whole work was the lowest; when tested by the actual quantities as found in the prosecution of the work and which had to be paid for under the contract, his bid was about $2,500 more than Bannon's, so that Bannon's bid, after fair competition with others, was actually the lowest and the petitioner and other owners of property liable to be assessed for the expense were actually benefited by the rejection of Farley's bid. The error, therefore, in not awarding the contract to Farley instead of Bannon was not a substantial one under chapters 312 and 313 of the Laws of 1874, and this petitioner was not aggrieved thereby.

These views make it unnecessary to consider any other matters brought to our attention upon the argument.

The order should be affirmed, with costs.

All concur.

Order affirmed.