In the Matter of HARRY MEOLA, JR., et al., Doing Business as MEOLA BROS., Appellants, against COUNTY OF ORANGE et al., Respondents.— In a proceeding pursuant to article 78 of the Civil Practice Act, petitioner, an unsuccessful bidder for the construction of two buildings for respondent County of Orange, appeals from an order denying an application for various relief with respect to the resolution of the respondent Board of Supervisors accepting the bid of a corporation which is not a party to this proceeding. Order unanimously affirmed, with $10 costs and disbursements. No opinion. Present — Nolan, P. J., Wenzel, MacCrate, Beldock and Murphy, JJ.

■

In the Matter of the Estate of JACOB MULLER, Deceased. MINNIE JEFFRIES, as Administratrix of the Estate of JACOB MULLER, Deceased, Seller; JOSEPH D. GENTLE, Purchaser.— On a submission of facts pursuant to section 546 of the Civil Practice Act, judgment is directed to be entered declaring that the Surrogate of Queens County has power to exercise discretion and direct or refuse to direct a sale of the real property of the intestate. It is agreed that the death occurred in 1884 and that letters of administration were not issued until 1954. Because of the provisions of section 90 of the Surrogate's Court Act and of section 2560 of the Code of Civil Procedure, it must be assumed until the letters of administration are revoked that the administratrix has the authority conferred by statute. The statutes which were effective prior to September 1, 1930, are the source of power of this administratrix. (L. 1929, ch. 229; L. 1930, ch. 174; L. 1935, ch. 209; cf. Matter of Reed, 214 N. Y. 383, and Matter of Battell, 286 N. Y. 97, 104.) It is stated as a fact that the whereabouts of one of the distributees is unknown. In 1914, by subdivision 6 of section 2703 of the Code of Civil Procedure (L. 1914, ch. 443), power was conferred on surrogates to direct the sale, mortgage or lease of real property for the payment and distribution of the proceeds to the persons entitled thereto when any of such persons was absent. In 1926, section 234 of the Surrogate's Court Act, the successor to section 2703 of the Code of Civil Procedure, was amended to provide that the power might be exercised before or at a final accounting. (L. 1926, ch. 743.) The petition for the issuance of letters of administration in its entirety is not included in the submission. It cannot be assumed, in view of the issuance of the letters, that the petition did not state that the deceased at his death was a resident of Queens County, which was one of the two necessary prerequisites to confer jurisdiction to appoint the administratrix. (Sheldon v. Wright, 5 N. Y. 497, 511.) No limitation of time seems to have been applicable after the enactment of chapter 443 of the Laws of 1914 to the right of a distributee to apply for the sale of real property. (Matter of Goetzmann, 96 Misc. 377, 380.) On the facts stated, the only question that could be the subject of an action or special proceeding is the power of the Surrogate to appoint the administratrix and to hear and determine the application to sell the real estate. Therefore, the determination of any other question is precluded. (Civ. Prac. Act, § 546.) What the Surrogate in his discretion may decide cannot be foreseen. Neither can it be said on the facts submitted whether a marketable title will go to a purchaser if a sale is authorized. Present — MacCrate, Acting P. J., Schmidt, Beldock, Murphy and Ughetta, JJ.