Mario Pittoni, J.
Application pursuant to article 78 of the Civil Practice Act to review and annul a resolution of the respondents dated March 15, 1960 awarding a contract to H. O. Penn Machinery Co., Inc.; and to direct the award to be made to the lowest responsible bidder substantially and materially complying with the specifications contained in the public notice for bids.
The public notice, insofar as pertinent, provided for the receipt of sealed bids on January 27, 1960 for the purchase of new 1960 model equipment as follows: “ One (1) Crawler Type-Full % Cubic Yard Clamshell Bucket Excavator, Bucyrus Erie Model B22 or Equal * * * in accordance with detailed specifications and proposal sheets.”
There were eight bids received. The lowest bid was by Manitowoc-Forsythe Corp., the next low bid by the petitioner *319 herein, the third low bid by Edward C. Flaherty Corp., and the fourth low bidder to which the contract was awarded was H. 0. Penn Machinery Co., Inc. These bids were for $20,855; $25,848; $27,160 and $27,584 respectively. According to the resolution of March 15, 1960, the Edward C. Flaherty Corp. bid was rejected because that corporation failed to furnish “ a bid security check equal to 5% of the amount bid”. The lowest bidder Manitowoc and the petitioner were rejected because their machines ‘ ‘ do not comply with the specifications in substantial and material ways ”.
The question to be determined in this proceeding is: Were the respondents arbitrary and unreasonable in awarding the contract to H. 0. Penn Machinery Co., Inc. 1
At the outset, the observation may be made that with (1) the resolution containing no details of the ‘ ‘ substantial and material ways ’ ’ in which the petitioner failed to comply with the specifications, (2) the answer not containing “such fads as may be pertinent and material to show the grounds of the action taken by the respondents ” (Civ. Prac. Act, § 1291), and (3) with the failure to serve upon the petitioner prior to the return date of the proceeding a copy of the undated report by James H. Montgomery in which the reasons for rejection of the low bids are stated, the petitioner has not been afforded the opportunity to properly question the basis of the respondents’ resolution. As stated in Matter of Barry v. O’Connell (303 N. Y. 46) at page 51, “ the lack of a statement of the factual basis for the determination not only burdens the applicant in preparing his challenge to the determination, but also impedes the court in its review of that determination” (emphasis supplied).
Were the resolution and answer in this proceeding alone defective the court would remit the matter to the respondents; but as, from an examination of the return, it clearly appears that there has not been compliance with subdivisions 1 and 5 of section 103 of the General Municipal Law, the award is annulled. Here, the contract was not awarded to the ‘ ‘ lowest responsible bidder ’ ’ as required by subdivision 1; nor was there an ‘ ‘ adoption of a resolution by a vote of at least two thirds of all the members of the governing body ’ ’ as required by subdivision 5 before “ purchase contracts for a particular type or kind of equipment ” may be awarded. The return shows (Inter Departmental Memo, March 14, 1960, From Elmer S. Lane, Town Attorney) that prior to drawing the specifications Mr. Montgomery had determined that the Bucyrus-Erie crane was the most desirable and the specifications included features with which only the Bucyrus-Erie crane could comply. Therefore, *320 although the notice provided for bids on a ‘ ‘ Bucyrus Erie Model B22 or equal ” (emphasis supplied), the inclusion of the words “ or equal ” was meaningless. Accordingly, since it was determined in advance that a purchase would be made of a BucyrusErie crane, the acceptance of bids should have been preceded by a two-thirds vote to that effect with a full explanation in the resolution “of the reasons for its adoption”. (General Municipal Law, § 103, subd. 5.)
The observation may also be made that the respondents are to make the determination by the exercise of their judgment, not by merely accepting without question the report of their engineer. The court does not intend to define or to limit the criteria to be used as guides before an award be made; but some inquiry should have been made with respect to the past performance of several of the cranes considered as to durability, expense of maintenance, and ability to do the type of work involved. Here, the views of the engineer were adopted without question, and he had made up his mind prior to the publication of the notice to bid.
Accordingly, the application is granted to the extent of annulling the resolution awarding the contract to H. 0. Penn Machinery Co., Inic. The court may not direct that the contract be awarded to the petitioner herein, first, because there is no proof that it was the lowest responsible bidder, and second, because the respondents may decide that only a Bucyrus-Erie crane will meet their needs and follow the procedure outlined in subdivision 5 of section 103 of the General Municipal Law. Settle order on notice.