■ In the Matter of ROCKLAND HAULAGE, INC., Appellant, v. VILLAGE OF UPPER NYACK et al., Respondents.— In a proceeding pursuant to article 78 of the Civil Practice Act, petitioner appeals from an order of the Supreme Court, Rockland County, dated December 9, 1960, dismissing its petition to vacate an advertisement for bids and to set aside the award of a contract for garbage collection. Order affirmed, with costs. The specifications required that bids be for removal of "ashes, garbage and refuse ° ° ° large and bulky articles, such as tree limbs, shrubbery clippings, mattresses, springs, household furnishings". Petitioner's bid quoted a figure "for the removal of rubbish, garbage, and ashes," without mention of the large and bulky articles, etc. In addition, the period of the proposed contract, in petitioner's bid, was one month short of the period prescribed in the specifications. Bids may be declined for failure of literal compliance with specifications (*Matter of Marsh,* 83 N. Y. 431; *Standard Oil Co. of N. Y.* v. *Morris,* 151 Misc. 345; *Matter of Meola* v. *County of Orange,* 285 App. Div. 1056). Since the bid submitted by petitioner was not in conformity with the specifications, the petitioner is not legally aggrieved (*Matter of Kniska* v. *Splain,* 201 Misc. 729) and its petition was properly dismissed. Nolan, P. J., Ughetta, Kleinfeld and Brennan, JJ., concur; Beldock, J., dissents and votes to reverse the order and to deny the motion to dismiss the petition, with the following memorandum: The bid submitted by petitioner was for the removal of rubbish, garbage and ashes, "according to your specifications". The fact that the quotation was for a 30-month period, instead of for 31 months, is immaterial. Such 30-month quotation, plus the prorated monthly cost for the 31st month, still made petitioner the lowest bidder. Paragraph "third" of the petition alleges that the bid was in conformity with the specifications.

■ EDITH KIEWE et al., Respondents, v. SHIPMATES SPORTSWEAR, INC., Appellant.— In an action by former employees of defendant to recover damages for alleged wrongful discharge, and for commissions earned, the defendant appeals from an order of the Supreme Court, Queens County, dated January 26, 1961, denying its motion to set aside the service of the summons and complaint on the ground that the court does not have jurisdiction of defendant or the subject matter. Defendant is a Missouri corporation, and it has not been licensed to do business in New York. Order affirmed, with $10 costs and disbursements. No opinion. Defendant's time to answer the complaint is extended until 20 days after entry of the order hereon. Nolan, P. J., Ughetta, Kleinfeld, Christ and Brennan, JJ., concur.