Mario Pittoni, J.
This is an application pursuant to article 78 of the Civil Practice Act for an order canceling the award of a contract made by respondent Board of Education to respondent Werther Electrical Contracting Co., Inc., and directing the award of this- contract to the petitioner.
The petitioner was the lowest bidder on the contract in the amount of $11,865 and respondent Werther Electrical Contracting Co., Inc., hereinafter called Werther, was the second lowest bidder in the amount of $12,336. The petitioner claims that the granting of the contract to Werther was in violation of section 103 of the General Municipal Law which requires an award to be made “ to the lowest responsible bidder ”.
The basic facts are not in dispute. On Wednesday, August 2, 1961, the bids were received by the Board of Education, and the board, not being familiar with either of the two bidders involved, and anxious to have the work completed before the Fall session began, instructed its architect to immediately investigate and report on each of these bidding contractors. On August 7, 1961 the architect submitted his report to the board: that he had requested the petitioner to supply the names of architectural firms to which inquiries could be directed concerning recent projects which the petitioner had completed; that the petitioner supplied the names of two architectural firms; that when the school architect communicated with both of these references one responded that the petitioner had done a project for that firm over 10 years prior to the inquiry, and the other said that he would not recommend the petitioner. The second said that although the petitioner had once been a good contractor he had experienced difficulties in the last few years, was having difficulty in getting approval of his work from under *408 writing laboratories, and that after being awarded an electrical contract as a low bidder he submitted estimates for extra work, which were not included in the plans and specifications, and which were too high in price. The investigating architect also reported that his investigation showed that Werther had a good reputation in the industry for its work and had received the highest recommendation from well-known engineers and architects. Upon the report and recommendation of its architect the board then proceeded, at its August 7, 1961 public meeting, to award the contract to Werther as the lowest responsible bidder. Another public hearing at the petitioner’s request was held on August 28, 1961. The petitioner and his attorney were heard and the board adhered to its original decision.
The key word in section 103 of the General Municipal Law and in the decision of the board is “ responsible ”. Without question it means “ accountable ” or “ reliable ”. The board came to its decision that Werther was the lowest responsible bidder after considering the report of its architect who was designated or appointed to seek facts as to the responsibility of the bidders involved. The board concluded that upon the facts in hand Werther was a responsible bidder and the petitioner was not.
The board used a common-sense approach and method in making its determination and this court cannot say that it was wrong in the method chosen; nor will it define or limit the standards the board should have used as guides so long as the method chosen was reasonable.
The burden of proof was on the petitioner to show that he was a responsible bidder. There was no burden on the board to go out and investigate blindly as to the bidder’s responsibility. He submitted two persons as references, and upon interview these persons supplied information which failed to show that the petitioner was a responsible person.
This case is not in conflict with Matter of Hodge & Hammond v. Burns (23 Misc 2d 318). The record in that case showed that the Town Board had accepted without question the report of an engineer without exercising its own judgment. The court in the Hodge case said (p. 320): “ The court does not intend to define or to limit the criteria to be used as guides before an award be made; but some inquiry should have been made with respect to the past performance * * *. Here, the views of the engineer were adopted without question, and he had made up his mind prior to the publication of the notice to bid. ’ ’ In the present case the board appointed an investigating agent, its own architect to investigate and report, and then at both the August 7, 1961 and August 28, 1961 meetings fully considered *409 the report of the architect and statements by the petitioner and his attorney, deliberated thereon and decided that Werther had satisfied the requirements of a responsible bidder and that the respondent had not. Here, the board did not accept without question the recommendation of its architect. The board clearly exercised its own best judgment.
New evidence now submitted on this application, but not presented to the board at the times of its decisions, cannot be used retroactively to show that the board’s mental operations or judgment in August, 1961 was arbitrary, capricious or unreasonable. The time to have presented the evidence to prove the petitioner’s responsibility was then, not now.
Accordingly, it cannot be said that the board was arbitrary, capricious or unreasonable in making its decision (Matter of Haskell-Gilroy v. Young, 20 Misc 2d 294, affd. 10 A D 2d 629, motion for leave to appeal denied 10 A D 2d 717). The petition is, therefore, dismissed.