■ In the Matter of BIELEC WRECKING & LUMBER CO. INC., OF SYRACUSE, N. Y., Respondent, v. J. BURCH MCMORRAN, as Superintendent of Public Works, Appellant.— *Per Curiam.* The petitioner-respondent will be referred to hereafter as the petitioner and the respondent-appellant will be denominated the Superintendent. The facts giving rise to the litigation may be stated briefly. The Department of Public Works advertised for bids for the demolition of 83 structures prior to the letting of a main highway construction contract. The specifications contained the usual reservation of the right to reject all bids. Item 76M in the proposal was for "Maintenance and Protection of Traffic". In the estimates this item was marked "omitted by intent", an ambiguous phrase which the department interpreted to mean that, while the department had made no estimate of the cost of this item, bidders should include a bid on the item. There were four bidders. Two submitted bids on the item but the petitioner and another omitted any bid on the item. The bids of the petitioner and of the other bidder who also did

not mark the item in any way were rejected as incomplete. The petitioner then commenced an article 78 proceeding contending that the rejection was arbitrary and capricious and alleging in substance that the logical construction of the phrase "omitted by intent" was that a bid on an item designated by the phrase was not to be included in the proposal. The court by a judgment dated January 22, 1964: "ORDERED, that the application of the petitioner is granted to the extent as hereinafter set forth, and it is * * * ORDERED FURTHER, that the respondent accept the bid proposal made by the petitioner on the 24th day of October, 1963, as a formal bid proposal and consider same in determining the lowest responsible bid proposal in making the award of its contract." This judgment of January 22 did not require that the contract be awarded to the petitioner and, as it will later appear, the court stated in a subsequent decision that it did not so require. Neither could it be construed as prohibiting the respondent, after he should "consider" the petitioner's bid proposal, from rejecting all the bids, as it was his right, and in a proper case his duty, to do. On February 6, 1964, the petitioner was notified that the Superintendent had determined to reject all proposals for the best interests of the State. The petitioner then obtained an order to show cause, supported only by its attorney's affidavit, to adjudicate the Superintendent in contempt of the order of January 22, 1964, or "in the alternative, setting aside the rejection of all the bid proposals as being arbitrary, capricious and in abuse of discretion". The matter came on to be heard at Special Term before the Justice who had signed the judgment of January 22. The court stated in its decision "no contempt by the Commissioner has been sufficiently established" and signed an order dated May 18, 1964, denying the application to punish for contempt but requiring the Superintendent "to award the contract to the petitioner pursuant to its Ocober, 1963, bid". The Superintendent appeals, the petitioner has not appealed from the portion of the order adjudicating as to contempt or from any part of the order. In its decision on which the order of May 18 was made the court stated: "This court fully expected that its order of January 22, 1964 was definite enough to indicate a holding requiring a letting of the contract within the four bids submitted with a subsequent review, if necessary, to determine whether or not such letting was arbitrary and capricious. At that time the court felt that no direction should have been made compelling the acceptance of the petitioner's bid. However, since it now appears that the petitioner's bid was the lowest and since there is nothing to suggest it is not responsible this court now feels it would be arbitrary and capricious for the respondent not to grant the bid to the petitioner." The court thus construed its judgment of January 22 not to mean that an award had to be made to the petitioner but that an award had to be made to one of the four bidders. But we need not ascertain the meaning of the judgment of January 22 as the court went beyond interpretation and in its order of May 18 awarded the contract to the petitioner and as it is from this order and award that the Superintendent appeals. We think it clear that the Superintendent's statutory power to reject all bids cannot be questioned unless his action was arbitrary, capricious or unreasonable. We agree with the Superintendent that an order to show cause issued on the affidavit of counsel is dubious as compliance with article 78 but we prefer to consider the merits. Subdivision 5 of section 38 of the Highway Law provides: "The superintendent of public works may reject any or all proposals and may advertise for new proposals as above provided, if, in his opinion, the best interests of the state will thereby be promoted." In rejecting all proposals the Superintendent considered potential litigation: litigation by the lowest bidder who concededly complied with the specifica-

tions in the event of an award to a bidder who allegedly did not comply with the specifications, a suit in the Court of Claims by any successful bidder to recover damages for a change in conditions at the site by reason of recently discovered "uncommon" vandalism and a suit by the general contractor for delay in site clearance. He considered also "the confusion and inconsistency in the specifications pointed out by the Court in the Court's opinoin". In advertising for new proposals the Superintendent included demolition work in the main contract and an additional reason for his rejection was "the more orderly processing of the work under the main contract in order to obviate questions of coordination of work between different contractors". We find in the record support for the Superintendent's determination, which appears to us, on application of the conventional test of an administrative ruling (CPLR 7803, subd. 3), to be neither arbitrary nor capricious. Where there is found to be a rational basis for the administrative determination the judicial function is exhausted and the administrative agency, not the court, is the final arbiter. Judgment and order reversed, on the law and the facts, and petition dismissed on the merits, without costs. Gibson, P. J., Herlihy, Taylor, Aulisi and Hamm, JJ., concur.