■ In the Matter of ATLANTIC TUG AND EQUIPMENT COMPANY, Appellant, v. TOWN OF TONAWANDA et al., Respondents.— Judgment unanimously affirmed, without costs. Memorandum: In this article 78 proceeding Special Term denied petitioner-appellant's application for judgment directing respondent town to award a contract to petitioner for the purchase of a diesel tractor. Petitioner was the lowest of three bidders. Respondent town awarded the contract to the second low bidder, rejecting petitioner's bid because of failure to comply with bid specifications. It is undisputed that petitioner's bid did contain six variations from the specifications. The record demonstrates that respondent town in good faith gave petitioner an opportunity to submit a bid in exact compliance with the specifications, but petitioner refused, claiming that the variations were immaterial, technical and unsubstantial. Petitioner asserts that the facts in *Matter of Resco Equip. & Supply Corp.* v. *City Council of City of Watertown* (34 A D 2d 1088) "were virtually identical to those at hand". *Resco* stands for the principle that the competitive bidding provisions of subdivision 1 of section 103 of the General Municipal Law are violated when a municipality manipulates "the specifications so as to preclude true competitive bidding (*Gerzof* v. *Sweeney,* 16 N Y 2d 206, 209) ". In the instant case the fact that there were three bidders and that petitioner could have furnished equipment which met the specifications negates petitioner's contention that the specifications were tailor-made for respondent bidder. There was a rational basis for the administrative determination made by the town and it should not be disturbed (*Matter of Bielec Wrecking & Lbr. Co.* v. *McMorran,* 21 A D 2d 949, 951; *Matter of Caristo Constr. Corp.* v. *Rubin,* 15 A D 2d 561;

*Matter of Gottfried Baking Co.* v. *Allen,* 45 Misc 2d 708). Although the hearing requested by petitioner might have assisted Special Term in arriving at its decision, its refusal to grant a hearing, on the record before us, was not an improper exercise of discretion. (Appeal from judgment of Erie Special Term in article 78 proceeding to annul rejection of bid.) Present — Marsh, P. J., Moule, Mahoney, Goldman and Del Vecchio, JJ.