■ JOSEPH VIETRI, JR., an Infant, by His Parent and Natural Guardian, RITA MACCHIA, et al., Respondents, v COUNTY SCHOOL SERVICE, INC., et al., Appellants.—In a negligence action to recover damages for personal injuries, etc., defendants appeal from a judgment of the Supreme Court, Suffolk County, entered June 2, 1975, after a jury trial on the issue of damages only, which is in favor of plaintiffs. Judgment, insofar as it is in favor of plaintiff Rita Macchia, individually, affirmed, without costs or disbursements. Judgment, insofar as it is in favor of the infant plaintiff Joseph Vietri, Jr., reversed, on the law, and as between the infant plaintiff and the defendants, action severed and new trial granted with respect to the issue of damages only, with costs to abide the event, unless within 20 days after entry of the order to be made hereon, plaintiffs shall serve and file in the office of the clerk of the trial court a written stipulation consenting to reduce the verdict in favor of the infant plaintiff from $110,000 to $50,000, in which event the judgment in his favor, as so reduced and amended, is affirmed, without costs or disbursements. No questions of fact were presented on the appeal. The amount of the verdict in favor of the infant plaintiff was not warranted on this record and is excessive to the extent indicated herein. Hopkins, Acting P. J., Cohalan, Christ, Shapiro and Titone, JJ., concur.

■ WASHINGTON MOVING & STORAGE COMPANY, INC., Appellant, v BOARD OF EDUCATION OF THE CITY OF NEW YORK et al., Respondents. (And Another Title.)—In consolidated proceedings pursuant to CPLR article 78, in which each petitioner *inter alia* seeks to compel respondents to award it a certain contract, and in which respondents cross-moved to dismiss the petitions, petitioner Washington Moving & Storage Company, Inc., appeals from so much of a judgment of the Supreme Court, Kings County, dated April 14, 1975, as dismissed its petition. Judgment modified by deleting from the second decretal paragraph thereof, which determined the cross motion, the word "denied", and by substituting therefor the word "granted". As so modified, judgment affirmed insofar as appealed from, with $50 costs and disbursements to respondents. Appellant failed to establish that respondents' action in rejecting all bids was either arbitrary and capricious or the result of fraud or bad faith (see *Matter of Bielec Wrecking & Lbr. Co. of Syracuse v McMorran,* 21 AD2d 949, 950; *Matter of Kayfield Constr. Corp. v Morris,* 15 AD2d 373, 378–379; *Walsh v Mayor of the City of New York,* 113 NY 142, 146–147). The modification is necessary in order to conform the judgment to the decision and to the obvious intention of Special Term. Hopkins, Acting P. J., Cohalan, Christ, Shapiro and Titone, JJ., concur.