■ In the Matter of NOEL J. BRUNELL & SON, INC., Respondent, v TOWN OF CHAMPLAIN et al., Appellants, et al., Respondents.—Appeals from a judgment of the Supreme Court at Special Term, entered December 7, 1977 in Clinton County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul the award of a public road construction contract to appellant, Tracy-Trombley Construction Co., Inc., and directed that said contract be awarded to petitioner. Judgment affirmed, with costs, on the opinion of Harvey, J., at Special Term. Greenblott, J. P., Staley, Jr., Main and Herlihy, JJ., concur; Mikoll, J., dissents and votes to reverse in the following memorandum. Mikoll, J. (dissenting). I respectfully dissent. In October, 1977, the Town of Champlain published a bid document advertising for bids on a road improvement project in the town. The project was to be financed by a Federal Economic Development Administration (EDA) grant. As a condition to receipt of this grant, the EDA required the contractor to expend at least 10% of the contract in the use of "minority business enterprises" (MBE). A MBE is a business at least 50% of which is owned by minority group members. The bid documents advised the bidders

that "the bid form must be fully completed and executed when submitted" and further provided that "proposals which are not prepared and submitted in accordance with the provisions herein * * * or proposals which are incomplete * * * may be rejected as informal". Petitioner submitted a bid form without listing the names and addresses of the minority business enterprises it would use, the scope of the work and the dollar amounts involved as instructed by the form and bid documents. Although petitioner was the lowest bidder, the town declined to award the contract on the grounds its bid was informal and incomplete, citing omissions to fill in the required blanks on the bid form. Petitioner contended that it was not required to complete said form because of a previous paragraph which specified that within five days after the lowest "responsive" bidder had been notified, the bidder was to supply detailed information about each MBE he was going to use on Form ED-530, said form to be supplied by the town clerk. Special Term held that the action of the Town of Champlain in rejecting the bid of petitioner was error. I disagree and would reverse. The General Municipal Law provisions requiring competitive bidding in the letting of municipal public works contracts have the twofold purpose of fostering honest competition in order to obtain the best work or supplies at the lowest possible price to the public and to guard against favoritism, improvidence, extravagance, fraud and corruption (Jered Contr. Corp. v New York City Tr. Auth., 22 NY2d 187, 192, 193; Le Cesse Bros. Contr. v Town Bd. of Town of Williamson, 62 AD2d 28). It is well established, therefore, that a municipality may decline a bid which fails to comply with the literal requirements of the bid specifications (Matter of Marsh, 83 NY 431; Le Cesse Bros. Contr. v Town Bd. of Town of Williamson, supra). It is also clear that the awarding of a works contract is an administrative determination which must be upheld if there is found to be any rational basis for the decision (Matter of Atlantic Tug & Equip. Co. v Town of Tonawanda, 45 AD2d 916; Matter of Bielec Wrecking & Lbr. Co. of Syracuse, N.Y. v McMorran, 21 AD2d 949). This is especially so when there is an absence of a showing of any bad faith or fraud on the part of the awarding authority (Matter of Marsh, supra; Washington Moving & Stor. Co. v Board of Educ., 51 AD2d 1038). I find that the bid documents herein clearly required the petitioner to provide information pertaining to the MBE's it intended to use in performance of the contract. The bidder was advised to complete the form in plain language. The purpose of the requested information concerning the MBE's to be used was obviously to inform the town with specificity of the bidder's ability to meet the vital EDA-MBE hiring commitment since the EDA grant depended on such compliance. The fact that Form ED-530 was to be submitted by the successful bidder after the bids were opened strongly indicates that the Form ED-530 was a separate requirement from providing the initial information on the bid form. Furthermore, the guidelines published by the EDA in August, 1977, stated that a contractor's bid must indicate the name of each MBE to be used and other information and that the bid will not be considered responsive unless such information is included. The guidelines also make clear that Form ED-530 is a separate requirement to be completed after the award of the contract is made to the responsive bidder. The petitioner should have been aware of these guidelines. The action of the town, therefore, had a rational basis for the petitioner should have been aware of these guidelines. The action of the town, therefore, had a rational basis, was not arbitrary or capricious, and should not have been set aside (see, also, Matter of Cozzolino Constr. Corp. v Office of Gen. Servs. of State of N.Y., Supreme Ct, Albany County, Nov. 30, 1977, Pitt, J.). The judgment should be reversed, and the petition dismissed. [95 Misc 2d 320.]