OPINION OF THE COURT
Joseph J. Sedita, J.
This CPLR article 78 proceeding is brought on by an order to show cause why the respondent school district should not *632 be ordered to annul its fuel oil contract with corespondent Newman Fuel Oil Corporation.
The petitioner herein alleges that the school district is in violation of section 103 of the General Municipal Law. This section requires that all major governmental purchases be awarded to the lowest responsible bidder. Sometime prior to June 15, 1978 the Kenmore-Tonawanda School Board advertised publicly for bids for a contract to supply the school district with No. 6 fuel oil for the 1978-1979 school year. The petitioner, the corespondent, and a third company each submitted bids. Due to the fact that oil prices are subject to unpredictable fluctuations in the market, the oil companies did not submit a single total price bid. Instead they were expected (according to the specifications) to cite the present price and the mechanism for price changes allowing for market fluctuations. The bid submitted by the petitioner set forth the present price per gallon as well as the index to be used in allowing for future price fluctuations. This bid, however, failed to explain the relationship beween the index price and any new prices to the school district.
On September 7, 1978 the business manager for the school district contacted the respective bidders to determine their newest prices. Although Monoco Oil had given the lowest initial price figure in June, the September 7 reading showed Newman Oil having the lowest price per gallon. On September 11, 1978 the board met and adopted the recommendation made by the business manager and awarded the contract to Newman Oil. According to the affidavit submitted by the business manager, a serious question had been raised as to whether or not Monoco Oil was a "responsible” bidder. The affidavit takes note of the fact that the school district and other local institutions has experienced difficulties with this company. It appears that some of the difficulty arises out of the fact that Monoco Oil is distributed through Rochester and the extensive travel time in cold weather affects the usability of the oil.
The court must determine if the respondents acted within the requirements of section 103 of the General Municipal Law in awarding this contract to Newman Fuel Corporation.
The specifications required by the board clearly state that "failure to comply strictly with any part of such instructions may be held by the Board of Education as sufficient cause for the rejection of any bid”.
*633 It is clear that the petitioner failed to properly explain in its bid the formula for determining the price change to the school district following a change in the index price. It would not be unreasonable for the board to reject this bid on this basis. (See Matter of Atlantic Tug & Equip. Co. v Town of Tonawanda, 45 AD2d 916; Le Cesse Bros. Contr. v Town Bd. of Town of Williamson, 62 AD2d 28.)
Additionally, the board certainly had a duty to act responsibly in such a sensitive matter as heat for the schools in the district. They might well have acted in violation of their duty had they awarded the contract to a company with whom they had experienced prior difficulties. (See Matter of Meyer v Board of Educ., 31 Misc 2d 407; Matter of W. J. Gaskell, Inc. v Maslanka, 33 Misc 2d 88.)
Section 103 clearly was drafted with a view toward situations where bidders could give a final total bid. Since it is impossible in this case to obtain a final total bid, the requirements of section 103 cannot be determined by simplistically picking one day and looking at the price on that day. In this situation, a greater burden is placed on the decision-making body to use its discretion wisely. The board must make a judgmental determination as to both its best estimate of the lowest bidder for the full period, and its best judgment as to the reliability of the bidders. (See Matter of Meyer v Board of Educ., supra.)
It is the opinion of the court that the board acted well within its discretion in selecting a company which in their best judgment would be the lowest bidder in the long run, and in rejecting a company whose bid was improperly drawn, and whose prior service had been questioned. There was a rational basis for the judgmental determination made by the school board, and it would be improper for this court to disturb their judgment. (See Matter of Atlantic Tug & Equip. Co. v Town of Tonawanda, supra; Matter of Bielec Wrecking & Lbr. Co. of Syracuse v McMorran, 21 AD2d 949, 951; Matter of Caristo Constr. Corp. v Rubin, 15 AD2d 561; Matter of Gottfreid Baking Co. v Allen, 45 Misc 2d 708.)
Accordingly, the petitioner’s motion is denied and the cross motion of the respondents is granted.