OPINION OF THE COURT
John R. Tenney, J.
Petitioner seeks a review of the action by the Cicero Town Board rejecting its bid because of noncompliance with the specifications. Respondents cross-move for a dismissal of the petition. The cross motion is granted.
Petitioner’s bid price of $105,532.40 was $268.10 less than the second bidder who was awarded the contract. Although the low bidder, petitioner’s bid was rejected because it was not accompanied by cash or certified check as required by the bid specifications. The bid was, however, accompanied by a bid bond in the required amount.
*765 The argument that the discrepancy was a formality and should have been waived is rejected. The type of security required is reserved to the sound discretion of the awarding body. It can be waived. (Nowak Constr. Co. v County of Suffolk, 233 NYS2d 627.) However, it is not an abuse of discretion to refuse to waive and to insist upon literal performance of the specifications. (Matter of Southern Steel Co. v County of Suffolk, 29 AD2d 662; Matter of Rockland Haulage v Village of Upper Nyack, 13 AD2d 819; La Cesse Bros. Contr. v Town Bd. of Town of Williamson, 62 AD2d 28.)
The awarding of contracts is an administrative function and should not be disturbed so long as there is a rational basis for the decision. (Matter of Bielec Wrecking & Lbr. Co. of Syracuse, N. Y. v McMorran, 21 AD2d 949; Matter of Atlantic Tug & Equip. Co. v Town of Tonawanda, 45 AD2d 916.)